687 A.2d 392

**Renelda Childs JONES and Thomas Jones, Appellant,**

**v.**

**BORDEN, INC., Ind. and t/a Wise Foods, Appellee.**

Superior Court of Pennsylvania.

Argued Sept. 17, 1996.

Filed Dec. 31, 1996.

---

112

Iris S. Pincus, Philadelphia, for appellants.

Robin B. Arnold, Philadelphia, for appellee.

Before DEL SOLE, BECK and POPOVICH, JJ.

DEL SOLE, Judge:

This is an appeal from a trial court order which dismissed Appellants' Complaint with leave to allow for the filing of the action in an appropriate forum. The trial court held that Philadelphia, Pennsylvania was an inconvenient forum and that since the parties, accident site and many witnesses are located outside of Pennsylvania, it was appropriate to grant the defendant's request for a dismissal on the basis of forum

non conveniens. Because the trial court did not consider the availability of other forums when reaching its decision, we reverse and remand.

The facts indicate that Appellant–Plaintiffs, who are residents of New Jersey and who work in the city of Philadelphia, were involved in a motor vehicle accident in South Carolina. A truck alleged to have been involved in the accident was being operated by a South Carolina driver. The truck was owned by Appellee-defendant, a New Jersey corporation, which has its principal place of business in Ohio but which does business in both Pennsylvania and South Carolina. It is alleged that the accident was witnessed by an Philadelphia resident and a New Jersey resident, and the South Carolina police were called to the scene and prepared a report, although they did not witness the accident. Plaintiffs were treated by doctors in Philadelphia.

The common law doctrine of *forum non conveniens,* as it applies to the dismissal of actions, is codified in 42 Pa.C.S.A. § 5322(e), which provides

When a tribunal finds that in the interest of substantial justice the matter should be heard in another forum, the tribunal may stay or dismiss the matter in whole or in part on any conditions that may be just.

A petition to dismiss under this section requests a court of this Commonwealth to refrain from exercising its jurisdiction, in favor of a sister state. "A section 5322(e) dismissal terminates the litigation in the courts of this Commonwealth unlike the intra-jurisdictional transfer between counties embodied under Pennsylvania Rule of Civil Procedure 1006(d)." *Shears v. Rigley,* 424 Pa.Super. 559, 623 A.2d 821, 823 (1993). Both a dismissal under section 5322 and a transfer of venue under Rule 1006 derive from the common law doctrine of *forum non conveniens* and the decisions addressing the application of the doctrine apply equally to the dismissal of an action pursuant to section 5322. *Id.*

The trial court is vested with discretion when considering whether to decline to exercise its jurisdiction and that

decision will stand unless there exists an abuse of discretion. *Id.* A trial court in reaching this decision must remember that a plaintiff is provided with options as to where to bring suit, and the choice of forum by a plaintiff is entitled to weighty consideration. *Scola v. A.C. & S., Inc.,* 540 Pa. 353, 657 A.2d 1234 (1995). Thus, a plaintiff will not be deprived of its choice:

> "unless the defendant *clearly adduces* facts that 'either (1) establish such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience ... or (2) make trial in the chosen forum inappropriate because of considerations affecting the court's own private and public interest factors' *[but] unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."*

Thus, the party seeking a change of venue bears a heavy burden of justifying the request, and it has been consistently held that this burden includes the demonstration *on the record* of the claimed hardships.

*Goodman by Goodman v. Pizzutillo,* 452 Pa.Super. 436, 445, 682 A.2d 363, 367 (1996) (citing *Scola v. A.C. & S., Inc.,* supra at 367, 657 A.2d at 1241. ) (emphasis in original.)

██ "Proper application of the doctrine of forum non conveniens requires the trial court to make a finding, on the record, as to the availability of other forums and then exercise its discretion after considering all other factors." *Goodman by Goodman v. Pizzutillo, supra,* 452 Pa.Super. at 446, 682 A.2d at 368 (citing *Plum v. Tampax, Inc.,* 399 Pa. 553, 160 A.2d 549 (1960)). A trial court will be found to have abused its discretion where it dismisses a complaint on the basis of *forum non conveniens* without considering all of the necessary factors, including the availability of an alternative forum. *Farley v. McDonnell Douglas Truck Services,* 432 Pa.Super. 456, 638 A.2d 1027 (1994).

██ The trial court in this case dismissed this action "with leave to file in an appropriate state" stating: "The plaintiffs' are residents of New Jersey, the Defendant is a New Jersey

Corporation, the accident took place in South Carolina, and the accident investigator is in South Carolina. Additionally, South Carolina law would apply since it was the accident site." Trial Court Opinion at 4. The court did not, however, inquire whether either of these other two states were available forums to decide plaintiffs' claim.

Appellants state that at the time the Preliminary Objections were filed with the trial court that the statute of limitation had expired in both Pennsylvania and New Jersey. Appellee argues that the statute of limitations has not expired in South Carolina, and furthermore, it will waive any potential statute of limitation defense it has if the action is refiled in South Carolina. No similar waiver claim is made with regard to New Jersey.

■ A stipulation made by a defendant that he or she will submit to service of process and not raise the statute of limitations as a defense has been accepted by the courts as eliminating the concern regarding the availability of an alternative forum. *Plum v. Tampax Inc., supra.* Nevertheless, the court is to make findings on the record regarding the availability of these other forums. *Farley v. McDonnell Douglas Truck Services, supra.* No such finding was made in this case. The court gives no indication that it considered the availability of other forums including New Jersey and South Carolina.

■ More disturbing, however, is Appellee's willingness to stipulate that it will not raise the statute of limitation as a defense in South Carolina and the absence of a similar statement with regard to New Jersey, the forum in which Appellants reside and the home state of Appellee-corporation. Such tactics amount to nothing more than forum shopping by the defendant, which must not be tolerated. It appears that defendant is seeking not to eliminate the oppressiveness of having the case tried in Pennsylvania, but rather it is seeking to have the case tried in the forum which is least convenient for the individual plaintiffs. When considering a request to dismiss based upon inconvenient forum, the court is to consid-

er whether the defendant has established such oppressiveness and vexation as to be out of all proportion to the plaintiff's convenience. *Goodman by Goodman v. Pizzutillo, supra.* The plaintiff's choice of forum is to be given weighty consideration. *Id.*

In this case the trial court did not consider other available forums but rather noted the connection this case had with two other forums, New Jersey and North Carolina. Because the court did not make findings as to the availability of these forums it is necessary to reverse the court's order and remand this matter. On remand the court is to reevaluate the defendant's motion and consider, among all the factors, the alternative forums available. If indeed, the defendants elect to waive the statute of limitations only as to South Carolina, the court should view such stipulation critically when considering the appropriate forum. Because it is plaintiffs who have a right to choose a forum, not defendants, the court should seek to ensure that a defendant's waiver of the statute of limitations as to only one of two available alternative forums, is not a veiled attempt to place the action in the forum least convenient for plaintiffs. Absent weighty reasons the plaintiffs' choice of forum should not be disturbed.

For these reasons we remand this matter to the trial court for proceedings consistent with this memorandum.

Order reversed. Case remanded. Jurisdiction relinquished.

BECK and POPOVICH, JJ., concur in the result.