## Grace Community Inc. v. KPMG Peat Marwick

*Albert A. Ciardi,* for plaintiff.

*John W. Frazier, IV, Richard G. Placey, Michael Onufrak, Leonard G. Brown III, and Mary K. Brown,* for defendants.

SHEPPARD, *J.,* April 8, 2002—Before this court are petitions to transfer venue based on forum non conveniens filed by both Horst Construction Company and

Clyde W. Horst and KPMG Peat Marwick. For the reasons discussed, the petitions to transfer will be granted.

## BACKGROUND

Grace Community Inc. operated a continuing care retirement community, comprised of an independent living, an assisted living and a skilled nursing center in Lebanon County. The Grace facility was built by Horst during the years 1989 through 1991 in several phases and financed by several financial bonds.

From its inception until 1997, KPMG was Grace's auditor and financial advisor. Specifically, KPMG performed several audits, feasibility studies, and advised Grace on certain financial and managerial matters.

This case arises from allegations of improper accounting work by KPMG, allegedly substandard construction of the Grace facility by Horst, and alleged unseemly conduct by Grace's pre-1997 board members. On February 23, 2001, Grace commenced this action alleging breach of contract, negligence, and breach of fiduciary duty against KPMG, Horst, and former Grace board members.

On September 24, 2001, Horst filed this petition to transfer to Lebanon County. KPMG has joined in this petition.

## DISCUSSION

In evaluating a petition to transfer venue on the grounds of forum non conveniens, "[a] plaintiff's choice of forum is given great weight and a defendant has the burden in asserting a challenge to the plaintiff's choice of venue." *Shears v. Rigley,* 424 Pa. Super. 559, 564, 623

A.2d 821, 824 (1993). See also, *Goodman by Goodman v. Pizzutillo,* 452 Pa. Super. 436, 445, 682 A.2d 363, 367 (1996) (stating that a "party seeking a change of venue bears a heavy burden of justifying the request . . ."). Further, a petitioner must show that the proceedings in the chosen forum would be vexatious or oppressive:

"[T]he defendant may meet its burden of showing that the plaintiff's choice of forum is vexatious to him by establishing with facts on the record that the plaintiff's choice of forum was designed to harass the defendant, even at some inconvenience to the plaintiff himself . . . Alternatively, the defendant may meet his burden by establishing on the record that trial in the chosen forum is oppressive to him; for instance, that trial in another county would provide easier access to witnesses or other sources of proof, or to the ability to conduct a view of premises involved in the dispute. But, we stress that the defendant must show more than that the chosen forum is merely inconvenient to him." *Cheeseman v. Lethal Exterminator Inc.,* 549 Pa. 200, 213, 701 A.2d 156, 162 (1997).[1]

---

1. Grace argues that "nothing in the Horst defendants' petition evidences that plaintiff's choice of venue was done so with oppressiveness and vexation that are out of proportion to plaintiff's convenience." Pl's. supp. mem. of law at 17. However, the Pennsylvania Supreme Court has explicitly rejected such a balancing test.

In the past, Pennsylvania courts allowed defendants unable to meet the vexatious and oppressive test to use a balancing test based on private and public factors, as adopted in *Okkerse v. Howe,* 521 Pa. 509, 556 A.2d 827 (1989). However, current case law requires, "before any transfer of venue may be granted, that the defendants establish on the record that litigation in Philadelphia would be oppressive or vexatious." *Cheeseman,* 549 Pa. at 211, 701 A.2d at 161. See also, *Johnson v. Henkels & McCoy Inc.,* 707 A.2d 237, 239-40 (Pa. Super. 1997) (stating that Pennsylvania courts may not use the "ill-advised" private

(citations and footnote omitted) Finally, the defendant's burden requires a demonstration of claimed hardships on the record, *Jones v. Borden Inc.,* 455 Pa. Super. 110, 115, 687 A.2d 392, 394 (1996), although there is no necessity for an evidentiary hearing on a petition. *Cheeseman,* 549 Pa. at 213 n.8, 701 A.2d at 162 n.8.

To demonstrate vexatiousness or oppressiveness, a petitioner must provide a court with the names of witnesses who are to be called, a general statement of what their testimony will cover and what hardships the witnesses would suffer. *Johnson v. Henkels & McCoy Inc.,* 707 A.2d 237, 240 (Pa. Super. 1997). See also, *Petty v. Suburban General Hospital,* 363 Pa. Super. 277, 285, 525 A.2d 1230, 1234 (1987) (stating that "[i]f a party has merely made a general allegation that witnesses will be necessary, without identifying them and indicating what their testimony will be the application for transfer will be denied") (footnote omitted); *Hoose v. Jefferson Home Health Care Inc.,* 754 A.2d 1, 5 (Pa. Super. 2000) (stressing that "there is a vast difference between a finding of inconvenience and one of oppressiveness"). Furthermore, a defendant's claims "that no significant aspect of the case involves the chosen forum, and that litigating in another forum would be more convenient . . . do not amount to a showing that the chosen forum is oppressive or vexatious." *Cheeseman,* 549 Pa. at 214, 701 A.2d at 162.

Here, both KPMG and Horst have met their burden of demonstrating why litigating this matter in Philadelphia

and public interest test and that the Pennsylvania Supreme Court has declared the test "improper").

County is oppressive.[2] To begin with, both parties point to the fact that, of all the named parties, only KPMG has offices in Philadelphia County. Horst supp. mem. of law at 7-8. Specifically, the plaintiffs are not located in Philadelphia County in that Grace's corporate designee is in Bucks County. The elderly residents of the Grace facility are all in Lebanon County. KPMG's supp. mem. of law at 7. Further, of the named defendants, four are in Lebanon County, three in Berks County, two in Lancaster County, one in Dauphin County. KPMG is located in both Dauphin and Philadelphia County. Complaint ¶¶1-12.[3] Finally, both KPMG and Horst argue that none of the events giving rise to this lawsuit—namely the alleged substandard construction of the Grace facility, and the work done by KPMG on Grace's account—occurred in Philadelphia County, but rather occurred in or in close proximity to Lebanon County.[4]

Admittedly, the claims that no significant aspect of the case involves Philadelphia County, and that litigat-

---

2. Since neither defendant argues that Grace's choice of Philadelphia County was designed to be vexatious, the court need only determine if the defendants have met their burden of showing oppressiveness.

3. Defendants, Richard Miller, Kenneth Seyfert, James D. Brandt, Joel Moehlmann are in Lebanon County; Eugene Carter, Claude P. Brezeale, Jan A. Musser are in Berks County; Horst and Robert Marvel are in Lancaster County; James L. Smith is in Dauphin County; and KPMG has offices in both Dauphin and Philadelphia County. Complaint ¶¶1-12.

4. KPMG does admit that the 1996 and 1997 audits were conducted in Philadelphia County. Further, Anthony Simonetta, a Philadelphia partner, was a "second reviewing partner" of the work completed by KPMG outside Philadelphia County. KPMG supp. mem. of law at 6 n.3.

ing in Lebanon County would be more convenient, in and of themselves, do not amount to a showing of oppressiveness.

However, in addition to the location of the parties and significant events factors, KPMG has established on the record that trial in Philadelphia County would be oppressive not only to it, but its employees in Dauphin County. Grace's causes of action with respect to KPMG, all arise from KPMG's work for and with Grace done outside of Philadelphia County. KPMG has presented deposition testimony from Norriene Koozer, KPMG's corporate designee, stating that the "entire period of engagement from 1988 through 1997, occurred in either the Harrisburg office of KPMG or in the client's facilities, located in Myerstown, Lebanon County." KPMG's supp. mem. of law at 4-5 (relying on Koozer dep. tr. at 13). Thus, Ms. Koozer testified that the 1988, 1994, 1995 audits were done in either Harrisburg or Lebanon County. *Id.* at 5. Further, the 1990, 1992, and 1996 feasibility studies and the 1995, 1996 nonaudit work, which Grace specifically complains of, were performed by KPMG employees in their Harrisburg office. *Id.* Ms. Koozer identified the following KPMG employees who worked on Grace's account during the relevant period as having done so from the Harrisburg office: Roy Byers, Doug Berry, Crystal Hackett, Clint Fegan, Jim Chiado, Tim Myers, Alisa Coviello (listed as Alisa Corillo and Alisa Miller), Jennifer Schnook, Regina T. Bass, Cyndi A. Hiner, Wendy Pickens, Jennifer Schwalm, Nancy Urich, Thomas Wickenheiser, Ronald R. Bryant, Julian M. Disney, Jennifer Esterline, Paul Fiorini, Kevin Kateluzos, Bonita J. McGonigal, Leon E. Lebreton, and Julie Putt. See Koozer

dep. tr. at 12-14, 24-27, 30, 32-33. As such, most, if not all, of KPMG's employees likely to be called at trial to testify are *not* located in Philadelphia County, but rather in or in close proximity to Lebanon County. This court submits that it would be oppressive to require these witnesses to travel the nearly 107 miles from their homes and offices in Dauphin County or the 69 miles from Lebanon County to Philadelphia County to testify. KPMG supp. mem. of law at 4 n.1.

Similarly, Horst demonstrates hardships on the record that would result from litigating this matter in Philadelphia County. Horst stresses that most of the witnesses to be called at trial on the issues raised by Grace against Horst are located in or close to Lebanon County. Horst cites the deposition of Grace's corporate designee, Roger Hiser, who testified that management of the Grace facility occurred in Lebanon County. Horst's supp. mem. of law at 3. Hiser identified John Wazninsky and James Brandt, former managers of the Grace facility, both of whom would "have information pertinent to the determination of key issues in this case." *Id.* at 4 (relying on Hiser dep. tr. at 6-9, 22, 32).[5] Finally, the 270 or so elderly residents of the Grace facility listed who are as plaintiffs "currently reside in Lebanon County" and "would undergo undue hardship if forced to travel to and testify in Philadelphia County," *Id.* at 4 (relying on Hiser dep. tr. at 16-17).

Both KPMG and Horst urge that, in addition to witnesses, numerous and essential documents and other relevant evidence are located in Lebanon County. For ex-

---

5. John Wazninsky's current location is unclear. James Brandt currently works in Lancaster County. Horst supp. mem. of law at 3.

ample, both parties argue that all claims in the complaint revolve around the Grace facility which is located in Lebanon County. *Id.* at 8; KPMG supp. mem of law at 7. Further, both parties point to deposition testimony and affidavits stating that construction documents of Horst, as well as other subcontractors and maintenance records of the Grace facility, are located in Lebanon County. Certain other relevant business records are located, not in Philadelphia County, but rather in Bucks County. *Id.* at 9 (relying on Hiser dep. at 21); *id.* at 7-8 (relying on Hiser dep. tr. at 5-6, 16, 20-21, 31; Shenk affidavit ¶¶8-9).[6] Thus, both movants have demonstrated that trial in Lebanon County would not only provide easier access to evidence and other sources of proof, but would also obviate the oppressiveness visited upon them and their employees if the case were tried in Philadelphia.

KPMG and Horst have met their burden of demonstrating for this court that proceeding in Philadelphia County would be oppressive for all the witnesses and parties involved. Accordingly, this court will grant the defendants' petitions to transfer venue from Philadelphia County to Lebanon County based on forum non conveniens.

## CONCLUSION

For the reasons stated, the petitions to transfer venue to Lebanon County will be granted. The court will issue a contemporaneous order in accord with this opinion.

---

6. Grace argues that all of its files are maintained in the KPMG offices in Philadelphia. Pl's. supp. mem of law at 16, 19. However, Grace offers no support for this, nor can the court find anything in the record supporting this alleged fact.

522

## ORDER

And now, April 8, 2002, upon consideration of the petitions to transfer venue of defendants, Horst Construction Company and Clyde W. Horst and KPMG Peat Marwick and the response of plaintiff, Grace Community Inc., the respective memoranda and all matters of record, and in accord with the opinion being filed contemporaneously with this order, it is hereby ordered and decreed that the petitions to transfer venue based on forum non conveniens are granted. This action shall be transferred to the Court of Common Pleas of Lebanon County.