Lucille HUMES, Individually and as Administratrix of the Estate of Gary R. Humes, Sr., Appellants,

v.

ECKERD CORPORATION, Eckerd, Corporation d/b/a Eckerd Drug Store No. 727, Schering–Plough Corporation and Warrick–Pharmaceuticals, Appellees.

Superior Court of Pennsylvania.

Argued April 2, 2002.
Filed Sept. 5, 2002.

James E. Robinson, Philadelphia, for appellant.

Murray S. Levin, Philadelphia, for Eckerd, appellee.

Before: McEWEN, P.J.E., STEVENS, J., and OLSZEWSKI, J.

STEVENS, J.:

¶ 1 Lucille Humes appeals from an August 27, 2001 order of the Court of Common Pleas of Philadelphia County, dismiss-

---

ing an action against Eckerd Corporation, Schering–Plough Corporation, and Warrick Pharmaceuticals. We reverse and remand.

¶ 2 The record submitted to this Court reveals that Appellant filed a writ of summons against Appellees on June 27, 2001. In preparation for the filing of a complaint, Appellant submitted to Appellees a petition for pre-pleading discovery, which Appellant intended to submit to the court on July 17, 2001. The petition for pre-pleading discovery indicates that Appellant planned to file a wrongful death suit alleging that Gary Humes, Sr., a New Jersey resident, died after using a defective albuterol inhaler purchased in New Jersey from Eckerd, and manufactured by Schering–Plough and/or Warrick. Petition for Pre–Pleading Discovery at 1–2.[1]

¶ 3 On July 16, 2001, Appellees filed a petition to dismiss the action on the grounds of *forum non conveniens* pursuant to 42 Pa.C.S. § 5322(e).[2] Appellees asserted that "Plaintiff filed her suit in Philadelphia County even though there is absolutely no connection between Philadelphia County and the specific parties, witnesses, facts and circumstances in this action." Petition to Dismiss filed 7/16/01 at 2. Appellant filed a brief in opposition to the Section 5322(e) petition to dismiss, and Appellees responded by filing a reply brief. Utilizing a "private and public factors" analysis, the lower court granted Appellees' Section 5322(e) petition to dismiss on August 27, 2001. Lower court opinion

filed 11/30/01 at 6 (*citing Plum v. Tampax, Inc.*, 399 Pa. 553, 160 A.2d 549 (1960)).

¶ 4 Appellant filed this timely appeal, arguing that the lower court had no record on which to base its decision, since no complaint had been filed and no discovery completed, and that even if the court had a sufficient record, it erroneously applied the "private and public factors" test instead of the proper "oppressive and vexatious" test.

¶ 5 Our decision in this matter has been complicated by changes in the law and a lack of precedent. As we noted above, Appellees filed their petition to dismiss under Section 5322(e), which allows for dismissal of an action if it is determined that the action should be brought in another forum. Appellees assert that the proper forum for this action is New Jersey. Several cases decided by this Court indicate that any analysis of Section 5322(e) must also contain a discussion of Pennsylvania Rule of Civil Procedure 1006(d)(1), which provides for the transfer of an action pending in any county in the Commonwealth to any other county in the Commonwealth.[3] *Aerospace Finance Leasing, Inc. v. New Hampshire Insurance Co.*, 696 A.2d 810, 813 (Pa.Super.1997), *appeal denied*, 1997 Pa. Lexis 2286 (Pa. October 28, 1997); *Jones v. Borden*, 455 Pa.Super. 110, 687 A.2d 392, 394 (1996); *Shears v. Rigley*, 424 Pa.Super. 559, 623 A.2d 821, 824 (1993); *Alford v. Philadelphia Coca–Cola Bottling Co.*, 366 Pa.Super. 510, 531 A.2d 792, 794 (1987). Although Section 5322(e) contemplates dis-

---

1. The petition for pre-pleading discovery is included in the record before us as an exhibit to Appellees' petition to dismiss.

2. Section 5322(e) states that "[w]hen a tribunal finds that in the interest of substantial justice the matter should be heard in another forum, the tribunal may stay or dismiss the matter in whole or in part on any conditions that may be just." 42 Pa.C.S. § 5322(e).

3. Rule 1006(d)(1) states that "for the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought." Pa.R.C.P. 1006(d)(1).

missal while Rule 1006(d)(1) provides for transfer, this Court has indicated that decisions regarding Section 5322(e) apply to the resolution of an action pursuant to Rule 1006(d)(1), and *vice versa*. *Id.*[4]

¶ 6 In *Aerospace,* a panel of this Court noted that "because both Rule 1006 and 42 Pa.C.S.A. § 5322 are derived from the common law doctrine of *forum non conveniens,* both interstate and intrastate cases apply the doctrine similarly." *Aerospace,* 696 at 813 (*citing Shears,* 623 A.2d at 823). Similarly, the *Jones* court found that "[b]oth a dismissal under Section 5322 and a transfer of venue under Rule 1006 derive from the common law doctrine of *forum non conveniens* and the decisions addressing the application of the doctrine apply equally to the dismissal of an action pursuant to section 5322." *Jones,* 687 at 394.

¶ 7 Citing the above cases for the proposition that Rule 1006(d)(1) cases apply to Section 5322(e) questions, Appellant argues that pursuant to *Cheeseman v. Lethal Exterminator, Inc.,* 549 Pa. 200, 701 A.2d 156 (1997), the lower court should have used the "oppressive and vexatious" test instead of looking at "private and public factors."

> [In *Cheeseman*], the Pennsylvania Supreme Court clarified the appropriate standard a trial court should utilize when considering a defendant's petition to transfer venue pursuant to Pa.R.C.P. 1006(d)(1):
>
>> a petition to transfer venue should not be granted unless the defendant meets its burden of demonstrating, with detailed information on the record, that the plaintiff's chosen forum is oppressive or vexatious to the defendant.

*Cheeseman,* 701 A.2d at 162 (emphasis added). The Court emphasized that trial courts may not consider their own "private and public interest factors," including "court congestion," in determining whether venue should be transferred. *Id.* Therefore, although two prior Supreme Court decisions, *Okkerse v. Howe,* 521 Pa. 509, 556 A.2d 827 (1989) and *Scola v. AC & S, Inc.,* 540 Pa. 353, 657 A.2d 1234 (1995), included both the "oppressive or vexatious" test and the "private and public interest factors" test, the *Cheeseman* Court concluded that the inclusion of the second test was "ill-advised." *Cheeseman,* 701 A.2d at 161.

*Johnson v. Henkels & McCoy,* 707 A.2d 237, 239 (Pa.Super.1997). Appellees respond that the holding in *Cheeseman* is limited to Rule 1006(d)(1) petitions, and did not alter the use of the "public and private factors" test in Section 5322(e) petitions.

¶ 8 The courts of Pennsylvania are almost entirely silent on the application of *Cheeseman* to Section 5322(e) questions, despite the nearly five years which have passed since *Cheeseman* was decided. Appellant cites to only two cases, authored by the same Court of Common Pleas of Philadelphia County judge, which specifically address the application of *Cheeseman* to Section 5322(e) petitions. Although not binding on this Court, we examine these cases for possible instruction.

¶ 9 In *Terra Equities Inc. v. First American Title Insurance Co.,* 49 Pa. D. & C. 4th 129, 2000 WL 33278212 (Phila.2000), Judge Albert Sheppard, Jr., of the Court of Common Pleas, addressed a petition to dismiss pursuant to Section 5322(e). Citing *Jones, supra* and *Shears, supra,* Judge

---

4. Our research failed to reveal a decision from the Pennsylvania Supreme Court on this issue.

Sheppard first found that the same standard must be applied to Section 5322(e) petitions and Rule 1006(d)(1) petitions alike. *Terra Equities,* 49 Pa. D & C. 4th at 136 (*citing Jones, supra; Shears, supra.*). He then applied the "oppressive and vexatious" test set forth in *Cheeseman,* and specifically refused to consider the "private and public factors" test, noting as follows:

> In the past, Pennsylvania courts allowed defendants unable to meet the vexatious and oppressive test to use a balancing test based on private and public factors, as adopted in *Okkerse v. Howe,* 521 Pa. 509, 556 A.2d 827 (1989). However, current case law requires, "before any transfer of venue may be granted, that the defendants establish on the record that litigation in Philadelphia would be oppressive or vexatious." *Cheeseman,* 549 Pa. at 211, 701 A.2d at 161. See also, *Johnson v. Henkels & McCoy Inc.,* 707 A.2d 237, 239–40 (Pa.Super.1997) (stating that Pennsylvania courts may not use the "ill-advised" private and public interest test and that the Pennsylvania Supreme Court has declared the test "improper").

*Id.* at 139, n. 7.

¶ 10 More recently, in *Dearlove v. Genzyme Transgenics Corporation,* No. 1031, November Term 2001, slip. op., 2002 WL 1758354 (Court of Common Pleas of Philadelphia filed July 19, 2002), Judge Sheppard again specifically addressed the application of *Cheeseman* to Section 5322(e) petitions as follows:

> [Defendant] argues that although the Pennsylvania Supreme Court modified the transfer of venue standard under Rule 1006(d)(1) in *Cheeseman,* that case "suggests" that the standard would not be modified for Section 5322 petitions and that the Court "would continue to apply the private and public interests

test to petitions under § 5322(e)." Def's Memorandum of Law, p. 10. The Pennsylvania Supreme Court has not given this instruction, and absent any caselaw supporting [Defendant's] position, this court will follow the *Cheeseman* standard to analyze defendant's Section 5322(e) petition. *Jones,* 455 Pa.Super. at 114, 687 A.2d at 394. Consequently, this court will not consider pre-*Cheeseman* concerns, such as whether denying the Petition will cause congestion of this court's docket, or what law will ultimately govern the merits of plaintiff's claims.

*Dearlove, supra* at 5, n. 3.

¶ 11 Judge Sheppard is correct in stating that the Pennsylvania Supreme Court has not given any specific instruction on whether *Cheeseman* applies to Section 5322(e) petitions. *Aerospace, Jones, Shears* and *Alford* would have us apply *Cheeseman* to Section 5322(e) petitions in the same manner we apply it to Rule 1006(d)(1) petitions. At least one panel of this Court has not done so, however, and there are several lower court cases that illustrate the uncertainty surrounding this issue.

¶ 12 In *Poley v. Delmarva Power and Light Company,* 779 A.2d 544 (Pa.Super.2001), a panel of this Court addressed an appeal of a motion to dismiss for *forum non conveniens* with leave to file in the state of Maryland. In setting forth the standard of review of an order dismissing an action on the basis of *forum non conveniens,* the *Poley* court did not apply the *Cheeseman* "oppressive and vexatious" test, but instead declared, *inter alia,* that:

> The two most important factors for the court to consider [in making the determination of whether to dismiss a suit on the basis of *forum non conveniens* ] are (1) a plaintiff's choice of the place of suit will not be disturbed except for weighty reasons, and (2) no action will be dis-

missed unless an alternative forum is available to the plaintiff.

*Poley,* 779 A.2d at 546 (*citing Page v. Ekbladh,* 404 Pa.Super. 368, 590 A.2d 1278 (1991)).

¶ 13 Our research has also revealed two Common Pleas Court cases that demonstrate the confusion over what standard governs Section 5322(e) petitions. In *Endre v. Trump Marina,* 42 Pa. D & C 4th 106 (Phila.1999), the defendant filed a Section 5322(e) petition. The court cites Rule 1006(d)(1) for the finding that the trial judge "has broad discretion in determining whether or not to grant a petition for change of venue ...." *Id.* at 108 (*citing Rubin v. Lehman,* 443 Pa.Super. 1, 660 A.2d 636 (1995)). Despite applying the standard set forth in *Rubin,* a Rule 1066(d)(1) case, the court does not follow *Cheeseman* for the proposition that the "oppressive and vexatious" test, as opposed to the "public and private factors" must be used. Instead, the court states as follows:

> The law in this Commonwealth is that two general factors are to be considered in determining whether a suit should be dismissed for refiling in another jurisdiction under *forum non conveniens.* "(1) a plaintiff's choice of the place of suit will not be disturbed except for weighty reasons, and (2) no action will be dismissed unless an alternative forum is available to the plaintiff." *Beatrice Foods Co. v. Proctor & Schwartz,* 309 Pa.Super. 351, 359, 455 A.2d 646, 651 (1982). In this Commonwealth, a defendant's efforts in establishing the "weighty reasons" necessary for a *forum non conveniens* transfer have followed the precedent of such actions at the federal level. The court in *Reyno v. Piper Aircraft Co.,* 630 F.2d 149, 158 (3d Cir.1980) stated that "Pennsylvania cases dealing with *forum non conveniens* have mirrored federal law in all essential aspects." These federal cases require that the defendant clearly produce facts that "(1) establish such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience or (2) make trial in the chosen forum inappropriate because of considerations affecting the court's own administrative and legal problems." *Koster v. American Lumbermens Mutual Casualty Co.,* 330 U.S. 518, 524, 67 S.Ct. 828, 91 L.Ed. 1067 (1947).

> . . .

> Next, the court must weigh both the private and the public interests involved. *Shears v. Rigley,* 424 Pa.Super. 559, 565, 623 A.2d 821, 824 (1993).

*Endre,* 42 Pa. D & C 4th at 109–110. The uncertainty surrounding the correct standard to apply is evident in *Endre,* in which the lower court appears to consider the import of Rule 1006(d)(1) decisions, yet ignores *Cheeseman's* prohibition on the use of the "public and private factors" test.[5]

¶ 14 Part of the reluctance of courts to apply *Cheeseman* to Section 5322(e) petitions may stem from the language of the case itself. As Appellees point out, the Pennsylvania Supreme Court specifically

---

**5.** We have even uncovered inconsistent application of *Cheeseman* to purely Rule 1006(d)(1) cases. In *Fleming Steel Co. v. Boro Developers Inc.,* 52 Pa. D & C 4th 80 (Lawrence County 2001), the Court of Common Pleas makes no mention of *Cheeseman's* "oppressive and vexatious" test, but instead merely indicates that "[t]he reasons for transference [pursuant to Rule 1006(d)(1)] ought to be weighty and should never deny the plaintiff a forum." *Fleming,* 52 Pa. D & C 4th at 83 (*citing Beatrice Foods Co., supra* )).

indicated that it granted appeal in *Cheeseman* to "give the lower courts guidance in assessing petitions to transfer venue pursuant to Pa.R.C.P. 1006(d)(1)." *Cheeseman*, 549 Pa. at 208, 701 A.2d at 159 (emphasis added). The *Cheeseman* decision makes absolutely no mention of Section 5322(e). Even so, because of the case law supporting the application of Rule 1006(d)(1) decisions to Section 5322(e) petitions, this is arguably of no import. The waters are further muddied, however, by *Cheeseman's* apparent focus on the distinction that must be drawn between county to county transfers under Rule 1006(d)(1) and dismissal on the grounds of *forum inconveniens* of federal diversity of citizenship actions, which, as Appellees assert, are in many ways similar to dismissal under Section 5322(e). In *Cheeseman*, the Court explains

> The concerns before a federal district court in assessing whether to dismiss an action pending before it on the ground of *forum inconveniens* are not necessarily identical to the concerns a trial court must assess in ruling on a Rule 1006(d)(1) petition asserting *forum non conveniens*. In a diversity of citizenship case, a court deciding whether to exercise its jurisdiction is faced with considerations such as conflict of laws between the state where the action originated and the state in which the forum chosen by the plaintiff sits. Untangling these choice of law concerns, and other burdens on a federal district court in a diversity matter, are administrative problems for such a court to assess.

> On the other hand, when dealing with a petition for transfer of venue pursuant to Rule 1006(d)(1), a trial court, given the required deference to the plaintiff's choice of forum, is faced with the question of whether a transfer of venue of an action, appropriately filed with that forum, to another appropriate court in a county of this Commonwealth is necessary for the convenience of parties and witnesses. The convenience to the court is not mentioned in Rule 1006(d)(1) and is not an appropriate consideration for a Rule 1006(d)(1) inquiry.

*Cheeseman*, 549 Pa. at 211–212, 701 A.2d at 161 (citations omitted).

¶ 15 In the past, when applying the public and private factor analysis to Section 5322(e) petitions, this Court has found it necessary to take into account the issue of conflict of law. In *Farley v. McDonnell Douglas*, 432 Pa.Super. 456, 638 A.2d 1027 (1994), a panel of this Court noted that "[t]here is an appropriateness, too, in having the trial . . . in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself." *Farley*, 638 A.2d at 1030, (*citing* Plum, 399 Pa. at 561–562, 160 A.2d at 553; *Shears, supra; Cinousis v. Hechinger Dep't Store*, 406 Pa.Super. 500, 594 A.2d 731 (1991)).

¶ 16 In the absence of specific guidance from the Pennsylvania Supreme Court, and after consideration of the existing body of case law, we will follow *Poley, supra*, and decline to find error in the lower court's refusal to apply *Cheeseman* to this Section 5322(e) petition. Having so concluded, we turn to Appellant's assertion that the lower court was without sufficient record to render a decision.

¶ 17 In its Rule 1925(a) opinion, the lower court indicates that it relied on a copy of a complaint filed by Appellant on August 3, 2001, in the state of New Jersey. The lower court gained access to this complaint when Appellees attached it to the

reply brief they filed in support of their Section 5322(e) motion. Appellant does not dispute that a complaint was filed in New Jersey, but instead argues that it should not have been relied upon by the lower court because it is not properly part of the Philadelphia County record.[6]

¶ 18 Even assuming that an exhibit to a brief filed before the lower court becomes part of the record for that court's consideration, we find that the trial court erroneously relied on the New Jersey Complaint to find that dismissal was proper under Section 5322(e). By relying on the facts contained in the New Jersey complaint instead of waiting until a complaint was actually filed in this jurisdiction, the lower court speculated what Appellant would have pleaded had she been permitted to file a complaint in Pennsylvania. The existence of a complaint filed in another jurisdiction simply cannot change the fact that Appellant did not file a complaint here. To assume that the facts pleaded in the New Jersey complaint would be identical to those filed in a complaint filed in Philadelphia County is not appropriate.

¶ 19 This situation is analogous to one in which the lower court files a Pennsylvania Rule of Appellate Procedure 1925(a) opinion, despite the absence of a Rule 1925(b) "statement of matters complained of on appeal." Even if the lower court correctly identifies the issue the appellant subse- quently raises on appeal before this Court, it is not enough. The lower court's assumption of what the issues will be is insufficient to preserve them. *Commonwealth v. Alsop*, 799 A.2d 129, 132 (Pa.Super.2002) ("Even a correct anticipation or prediction in the trial court's 1925(a) opinion of the issue which would have been raised by an appellant, does not serve to preserve that issue for appellate review."); *Commonwealth v. Steadley*, 748 A.2d 707, 709 (Pa.Super.2000) (finding that the appellant waived her claim because she neglected to file a Rule 1925(b) statement even though the trial court, in anticipation of what issue the appellant might raise, addressed a suppression issue); *Giles v. Douglass*, 747 A.2d 1236, 1237 (Pa.Super.2000).

¶ 20 The reasoning behind this conclusion is that a plaintiff/appellant must be autonomous. In the Rule 1925 scenario, we have held that an appellant must have an opportunity to frame his/her *own* issues. *Commonwealth v. Lemon*, 804 A.2d 34, 38 (Pa.Super.2002) (citations omitted) (emphasis in original).

If we allow review of cases where a trial judge determined which issues an appellant could raise and how to frame those issues, that appellant would potentially lose a variety of protected constitutional rights. This procedure that appellant urges upon this Court would undermine

---

**6.** To support this allegation Appellant cites Pennsylvania Rule of Civil Procedure 1019(g), which states that:

... A party may incorporate by reference any matter of record in any State or Federal court of record whose records are within the county in which the action is pending, or any matter which is recorded or transcribed verbatim in the office of the prothonotary, clerk of any court of record, recorder of deeds or register of wills of such county.

Pa.R.C.P. 1019(g). Rule 1019 is inapplicable to this situation, however, in that it applies to incorporation by reference only, not "attachment or incorporation by reference," as Appellant would have us believe. Appellant's brief at 14, note 7 (emphasis added). As we noted above, the New Jersey complaint was attached as an exhibit to Appellees' reply brief in support of their petition to dismiss.

the appellate process in that it severely limits the types and nuances of arguments that appellant may raise on appeal.

*Id.* at 38 (*citing Steadley, supra*). Similarly, in the case at hand, we cannot allow the lower court to perform an analysis based on what it assumes Appellant's complaint would allege. Under the circumstances, we find that the lower court committed an abuse of discretion in dismissing Appellant's action. It is clear that Appellees, as the party seeking dismissal, bore a heavy burden, which included demonstrating from the record the hardship they allege a suit in Philadelphia County would cause. *Jones,* 687 A.2d at 394 (citation omitted). Without reliance on the New Jersey complaint, the record before the lower court was simply insufficient to back Appellees' claims and support dismissal under Section 5322(e).

¶ 21 For the foregoing reasons, we reverse the grant of Appellees' petition to dismiss, and remand this case. *Farley,* 638 A.2d at 1029 ("The decision to dismiss a case under 42 Pa.C.S.A. § 5322(e) is within the trial court's discretion and will not be reversed where there is not an abuse of discretion.").

¶ 22 Reversed and remanded. Jurisdiction relinquished.