## Hunt v. State Farm Mutual Automobile Insurance Company

*Thomas J. Dempsey,* for plaintiff.
*Joseph L. Luvara,* for defendant.

STRASSBURGER, *J.,* June 23, 2005—Plaintiff Stacey Edds Hunt filed a complaint on August 18, 2004, against defendant State Farm Mutual Automobile Insurance Company seeking to recover under her underinsured motorist policy. The claim arises out of a motor vehicle accident that occurred on September 1, 2000, near mile marker 84.4 on the Pennsylvania Turnpike in Westmoreland County. Plaintiff was a passenger in a car that was rear-ended by a tractor-trailer, and she suffered severe injuries as a result.

The underlying tort action for this accident was ultimately mediated and settled. Plaintiff then filed the lawsuit at issue here. Defendant filed preliminary objections on October 6, 2004, and the honorable Ronald W. Folino ruled that certain portions of plaintiff's complaint should be stricken on October 26, 2004. Plaintiff filed an amended complaint in conformity with Judge Folino's order on October 28, 2004, and defendant filed its answer and new matter on November 5, 2004. Plaintiff filed her reply to new matter and placed this case at issue on November 9, 2004. On December 20, 2004, this case was placed on the trial list for May 5, 2005.

On January 12, 2005, State Farm presented a motion and this court heard argument on whether this case should be dismissed on the grounds of forum non conveniens pursuant to Pennsylvania Rule of Civil Procedure 1006(d)(1) and 42 Pa.C.S. §5322(e). This court issued a discovery and briefing schedule regarding the motion on January 18, 2005, and continued the case to the Septem-

ber 2005 trial list. On May 5, 2005, this court granted defendant's motion to dismiss this case on the grounds of forum non conveniens so long as defendant waived any statute of limitations defense and plaintiff refiled her case within 90 days in Maryland. Plaintiff appeals from that order.[1]

State Farm asserts that venue in this action, although technically proper in Allegheny County, should be transferred to a court in Maryland. Conversely, plaintiff insists that her original choice of venue, Allegheny County, should be sustained. The applicable law in this case is 42 Pa.C.S. §5322(e), which provides that "[w]hen a tribunal finds that, in the interest of substantial justice, the matter should be heard in another forum, the tribunal may stay or dismiss the matter in whole or in part on any conditions that may be just." The Pennsylvania Superior Court has held that any analysis of section 5322(e) also includes a discussion of Pennsylvania Rule of Civil Procedure 1006(d)(1) which provides that "for the convenience of parties and witnesses the court, upon petition of any party, may transfer an action to the appropriate court of any other county where the action could originally have been brought." See *Humes v. Eckerd Corp.,* 807 A.2d 290, 291 n.3 (Pa. Super. 2002).[2]

---

1. Upon motion of the plaintiff, this court modified its order of May 5, 2005, to state that plaintiff must refile within 90 days of final appellate disposition.

2. 42 Pa.C.S. §5322(e) is applicable to interstate transfers, whereas Pa.R.C.P. 1006(d)(1) is applicable to intrastate transfers, but both are derived from the doctrine of forum non conveniens. See *Humes,* 807 A.2d at 292.

The standard in this case of interstate forum non conveniens is different from the familiar standard for intercounty forum non conveniens. The intercounty standard, set forth in *Cheeseman v. Lethal Exterminator Inc.,* 549 Pa. 200, 701 A.2d 156 (1997), requires a showing by the defendant that plaintiff's chosen forum is "oppressive or vexatious." The court in *Cheeseman* restated the test articulated in *Scola v. AC & S Inc.,* 540 Pa. 353, 657 A.2d 1234 (1995), holding that "a petition to transfer venue should not be granted unless the defendant meets its burden of demonstrating, with detailed information on the record, that the plaintiff's chosen forum is oppressive or vexatious to the defendant." *Cheeseman,* 549 Pa. at 213, 701 A.2d at 162.

The *Cheeseman* standard, however, does not apply in this case because it arises under 42 Pa.C.S. §5322(e). In *Poley v. Delmarva Power and Light Co.,* 779 A.2d 544, 546 (Pa. Super. 2001), the Superior Court declined to apply the *Cheeseman* "oppressive and vexatious" test, but instead decided that "[T]he two most important factors . . . to consider . . . are (1) a plaintiff's choice of the place of suit will not be disturbed except for weighty reasons, and (2) no action will be dismissed unless an alternative forum is available to the plaintiff." [3]

An examination of these "weighty reasons" involves assessing "private and public interest factors." *Engstrom v. Bayer Corp.,* 855 A.2d 52, 55 (Pa. Super. 2004). The following are a list of private and public factors a court must consider:

---

3. Since neither party has raised the issue of the lack of availability of an alternative forum, this court will not address that issue.

"[T]he relative ease of access to sources of proof; availability of compulsory process for attendance for unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of a view of the premises, if a view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

"With regard to the public factors a court must consider, this court has recognized that

"administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community that has no relation to the litigation. There is an appropriateness, too, in having the trial in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself." *Jessop v. ACF Industries LLC,* 859 A.2d 801, 803-804 (Pa. Super. 2004).

An analysis of these public and private factors shows why this court properly dismissed this case on the grounds of forum non conveniens. In this case, the public factors strongly favor Maryland as a forum for this lawsuit. Plaintiff is a resident of Maryland. The insurance policy in this case was issued in Maryland and Maryland law governs the policy. It is undisputed that Maryland courts are better equipped to interpret Maryland law. Pennsylvania taxpayers should not have to bear the burden of having Pennsylvania courts hear a case where the issue is the alleged breach of a Maryland insurance policy governed by Maryland law for a plaintiff who resides in Mary-

land. The only connection that this case has to Allegheny County is that plaintiff's counsel's office is here. If it were proper for this case to be tried in Allegheny County, it would similarly be proper to try it in any county in Pennsylvania and probably the United States, as State Farm likely regularly does business in every county.

Plaintiff also argues that the litigation has progressed beyond a point where it would make sense to transfer the case to Maryland. *Engstrom, supra,* also addressed this issue. It found that, even though the consolidated cases had been pending in Philadelphia for up to 21 months, both the private and public factors outweighed any argument that the defendant waited too long to file its motion. It particularly looked to the facts that the plaintiffs resided in states other than Pennsylvania, and Philadelphia had absolutely no connection to the lawsuit.

In this case, State Farm properly presented this court with a motion to transfer venue on the grounds of forum non conveniens. The motion was filed less than five months after defendant was served with the complaint. After a discovery and briefing schedule, where two depositions were taken and briefs submitted by both sides, this court made its determination. Therefore, consistent with *Engstrom,* this court did not abuse its discretion by dismissing the case even though some discovery was taken and the case was on the trial list.

This court is cognizant of the unfairness that can occur when a late motion to transfer for forum non conveniens is filed. In *Graham v. Laidlaw Transit Inc.,* GD 98-014720 (Feb. 7, 2000), I denied a petition to transfer venue for forum non conveniens, even though it was vexatious and oppressive to try the case in Allegheny

County. The case was on the trial list when the petition was filed and I determined that was key to the "convenience of the parties" factor. There, however, the case had been pending for 16 months, as opposed to the five months here. Moreover, that case was not an interstate transfer and, thus, the public factors were not relevant.

For the foregoing reasons, the Superior Court should affirm the decision of this court to dismiss the case on the grounds of forum non conveniens.