# J.P. Morgan Chase Bank N.A. v. Toczylowski

130

*Aaron M. DeAngelo,* for plaintiff.
*Jennifer P. Jara,* for defendant.

SIBUM, *J.,* April 22, 2010—Plaintiff J.P. Morgan Chase Bank N.A. commenced this action against defendant for breach of contract of a home equity line of credit. The line of credit is secured by defendant's property in Maricopa County, Arizona. After the filing of a complaint and preliminary objections, plaintiff filed an amended complaint on December 7, 2009. The defendant thereafter filed preliminary objections to the amended complaint raising a motion to dismiss for lack of subject matter jurisdiction, forum non conveniens, and two demurrers based on satisfaction of a lien and attempting to sue the incorrect party, respectively. Plaintiff did not file of record a response to defendant's preliminary objections.[1]

---

1. It appears to the court that plaintiff faxed a response to defendant's preliminary objections and supporting brief to our court administrator. The faxed copy was placed in the court's file, but never docketed inasmuch as our Local Rules of Court do not permit the filing of facsimiles without prior leave of court. 43 J.D.R.C.P. 205A(f). No such leave was ever sought or given. As such, the court cannot consider the

On February 16, 2010, we granted defendant's preliminary objection in the nature of a motion to dismiss for lack of subject matter jurisdiction. In rendering our decision, we understood the facts of record to be such that plaintiff was the party that foreclosed upon defendant's Arizona property and held that the foreclosure proceeding limited the relief available to plaintiff to a deficiency judgment action which must occur in Arizona pursuant to the Deficiency Judgment Act of Pennsylvania. 42 Pa.C.S. §8103(a).

Thereafter, plaintiff filed a motion for reconsideration of our February 16, 2010 decision. In its motion, plaintiff clearly specified that it was not the foreclosing party in the Arizona proceedings, that the foreclosure action was brought by a separate and distinct creditor unrelated to plaintiff, and that the plaintiff received no value from the sale in Arizona to date.

Upon review of plaintiff's motion, we granted reconsideration. After hearing on the motion and consideration of the briefs submitted by the parties in support of their respective positions, we are now ready to issue our decision.

## DISCUSSION

### 1. *Defendant's Motion To Dismiss for Lack of Subject Matter Jurisdiction*

Defendant first asks the court to dismiss plaintiff's amended complaint, averring that this court does not

---

faxed document since it is not officially of record. The document does not indicate whether plaintiff was the party that foreclosed on defendant's Arizona property.

have jurisdiction over the subject matter of this case. "When preliminary objections raise a question of subject matter jurisdiction, the trial court's function is to determine whether the law will bar recovery due to a lack of subject matter jurisdiction." *Arbor Resources LLP v. Nockamixon Township,* 973 A.2d 1036, 1042 n.5 (Pa. Commw. 2009). For purposes of ruling on defendant's preliminary objection raising a lack of subject matter jurisdiction, we will accept as true all well-pleaded facts, together with reasonable inferences which may be drawn from those facts. *Bailey v. Storlazzi,* 729 A.2d 1206, 1214 (Pa. Super. 1999).

Defendant alleges that the home equity line of credit was secured by defendant's real property in Arizona and that the property has already been foreclosed upon. In his brief, defendant asserts that plaintiff is now limited under the Deficiency Judgment Act to seeking a deficiency judgment against defendant and that such an action must occur in Maricopa County, Arizona—the county in which the defendant's real property is located.

"Under Pennsylvania law, every judgment creditor who forces real estate to be sold in an execution sale must comply with the [Deficiency Judgment Act] to protect its claim to any unpaid balance remaining after the sale." *In re Zinchiak,* 406 F.3d 214, 222 (3d Cir. 2005). The Deficiency Judgment Act of Pennsylvania provides as follows:

"Whenever any real property is sold, directly or indirectly, to the judgment creditor in execution proceedings

and the price for which such property has been sold is not sufficient to satisfy the amount of the judgment, interest and costs and the judgment creditor seeks to collect the balance due on said judgment, interest and costs, the judgment creditor shall petition the court to fix the fair market value of the real property sold. The petition shall be filed as a supplementary proceeding in the matter in which the judgment was entered." 42 Pa.C.S. §8103(a).

Under this Act, a petition to fix the fair market value of property "should be addressed [by] the court *having jurisdiction.*" *Dearnley v. Survetnick,* 360 Pa. 572, 576, 63 A.2d 66, 69 (1949). (emphasis added)

The Deficiency Judgment Act applies to every judgment creditor who forces real estate to be sold in an execution sale. However, as was made clear in plaintiff's motion for reconsideration and at hearing on this matter on March 25, 2010, plaintiff did not foreclose on the defendant's property. Rather, the first lien holder foreclosed. Plaintiff, as second lien holder, was not involved in the foreclosure proceedings and has not received any benefit from the sale. As such, plaintiff is not limited to seeking relief under the Act and may proceed to pursue a breach of contract action against defendant here in Pennsylvania. Further, defendant is a resident and citizen of Pennsylvania and plaintiff is a corporation registered to do business in the Commonwealth. As such, the court and this Commonwealth have jurisdiction over this matter and the parties. Defendant's first preliminary objection will be overruled.

## 2. *Defendant's Motion To Transfer for Forum Non Conveniens*

The second preliminary objection raised by defendant is in the nature of a motion to transfer for forum non conveniens. Defendant argues that all documentation pertaining to the relevant trustee sale, the property, and all transactions regarding the property are located in Arizona. Defendant's arguments are misplaced.

The doctrine of forum non conveniens, codified at 42 Pa.C.S. §5322(e), permits a trial court to dismiss a case, even where the jurisdictional requirements are met, when the court determines that "in the interest of *substantial justice* the matter should be heard in another forum. . . ." 42 Pa.C.S. §5322(e). (emphasis added) In deciding whether to dismiss a suit based on forum non conveniens, the trial court must consider two important factors: (1) a plaintiff's choice of the place of the suit will not be disturbed except for weighty reasons, and (2) no action will be dismissed unless an alternative forum is available to the plaintiff. *Jessop v. ACF Industries LLC,* 859 A.2d 801, 803 (Pa. Super. 2004). "Furthermore, a court will . . . not dismiss for forum non conveniens unless justice *strongly* militates in favor of relegating the plaintiff to another forum." *Wright v. Aventis Pasteur Inc.,* 905 A.2d 544 (Pa. Super. 2006). (emphasis in original) In determining whether to grant a transfer of venue based upon forum non conveniens, the trial court must inquire as to whether a plaintiff's choice of forum is oppressive or vexatious to a defendant. *Walls v. Phoenix Insurance Co.* 979 A.2d 847 (Pa. Super. 2009).

The court's analysis of the record compels us to conclude that there is an insufficient basis upon which to find that there are "weighty reasons" to disturb plaintiff's choice of forum. First, plaintiff and defendant are located here in Pennsylvania, with defendant residing in Monroe County. The choice of venue is neither oppressive nor vexatious to defendant. In fact, the venue appears to be more convenient to defendant than Arizona given defendant's residence in this county. Second, and perhaps more importantly, it appears that if plaintiff is not permitted to bring this action in Pennsylvania, plaintiff will not have another forum available to it in which to bring its claim.

Defendant argues that venue should be transferred to Arizona since all documentation pertaining to the "relevant trustee sale, the property, and all transactions regarding the property" are located in that state. Defendant cites to *Cheeseman v. Lethal Exterminator Inc.* 549 Pa. 200, 701 A.2d 156 (1997) in support of his contention. We disagree.

With respect to the trustee sale, the court does not find that information regarding the sale is definitively relevant or necessary to the present matter. As was disclosed in plaintiff's motion for reconsideration and hearing on the motion, plaintiff was not the party who foreclosed on the premises. Thus, the Pennsylvania Deficiency Judgment Act is inapplicable to this matter. Further, the record does not reveal that all information or transactions regarding the property are located in Arizona. In fact, the record is devoid of such information.

Further, it bears mention that the Pennsylvania Superior Court, in *Humes v. Eckerd Corporation,* 807 A.2d 290 (Pa. Super. 2002), determined that the "oppressive and vexatious" standard set forth by our Supreme Court in *Cheeseman v. Lethal Exterminator Inc., supra,* applies only to intrastate forum challenges pursuant to Pa.R.C.P. 1006(d)(1), and not to interstate challenges pursuant to 42 Pa.C.S. §5322(e), as that presented here. *Humes v. Eckerd Corporation,* at 295. Thus, the standard cited by defendant in support of its argument is misplaced. For these reasons, defendant's preliminary objection in the nature of a motion to transfer venue for forum non conveniens will be overruled.

### 3. *Demurrer—Legal Insufficiency Discharge/Satisfaction of Lien*

Defendant's third preliminary objection is a demurrer on the grounds that plaintiff may not sue to collect on the home equity loan since the real estate which secured the loan has been sold at trustee sale. Defendant does not cite any legal authority in support of its position. We find the defendant's argument devoid of merit.

Although there was a trustee sale of the underlying real estate in Arizona, the pleadings, when read in the light most favorable to plaintiff, reveal that plaintiff was not the foreclosing party and received no proceeds from this sale. The sale was initiated by the first mortgage holder, an entity separate and distinct from plaintiff. As such, plaintiff's rights under the home equity line of credit agreement have not been extinguished even though the collateral to the deed of trust has been sold. Even if

plaintiff's claim is now unsecured by real property collateral, plaintiff has the right to pursue collection of the amount owed under the agreement. Plaintiff may no longer be able to proceed in a foreclosure action under the deed of trust, but plaintiff may pursue a breach of contract action for the collection of the monies owed under the home equity line of credit agreement. Defendant's demurrer will be overruled.

### 4. Demurrer—Legal Insufficiency for Failure To Name Correct Defendant

Defendant's fourth preliminary objection is a demurrer for failure of plaintiff to properly identify defendant, Marek Toczylowski, in the body of plaintiff's first amended complaint. Plaintiff correctly named defendant, Marek Toczylowski in the caption of the complaint, but in paragraph 2 of its complaint erroneously identified the defendant as Max Shindler. Plaintiff also lists defendant, Marek Toczylowski's address as the address of the defendant in that paragraph. Only the name of the defendant is incorrect.

Pa.R.C.P. 1033 governs amendments of pleadings and provides:

"A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made

to conform the pleading to the evidence offered or admitted." 42 Pa.C.S. 1033.

Leave to amend pleadings is to be liberally granted. *Stalsitz v. Allentown Hospital,* 814 A.2d 766, 776 (Pa. Super. 2002), *appeal denied,* 578 Pa. 717, 854 A.2d 968 (2004). A party is to be given leave to amend its pleadings when allowing the amendment will not unduly prejudice or surprise the adverse party. *Somerset Community Hospital v. Allan B. Mitchell & Associates Inc.,* 454 Pa. Super. 188, 199, 685 A.2d 141, 147 (1996). Undue prejudice in this analysis has been defined as something more than a detriment to the other party, as any amendment would likely have the effect of harming the adverse party's interests. The policy underlying this rule of liberal leave to amend is to insure that parties get to have their cases decided on the substantive case presented, and not on legal formalities. *Laursen v. General Hospital of Monroe County,* 494 Pa. 238, 244, 431 A.2d 237, 240 (1981); *Gallo v. Yamaha Motor Corp, U.S.A.,* 335 Pa. Super. 311, 314, 484 A.2d 148, 150 (1984).

However, "[a]n amendment introducing a new cause of action will not be permitted after the statute of limitations has run in favor of a defendant." *Stalsitz,* 814 A.2d at 776. (citation omitted) Only if the proposed amendment merely amplifies, as opposed to altering, the cause of action already averred, will it be allowed if the statute of limitations has run. *Id.*

Defendant Marek Toczylowski is correctly named in all captions and exhibits to the first amended complaint. Although the name is incorrectly listed in the body of the amended complaint, the defendant has not demon-

strated that it will suffer prejudice by this action proceeding. The error is harmless and is not appropriate cause to dismiss this action. Plaintiff, in its brief, attached a proposed second amended complaint properly identifying the defendant and requests leave to file same. Defendant's preliminary objection will be overruled, and plaintiff will be granted leave to file the second amended complaint.

## 5. *Motion for More Specific Pleading*

Defendant's final preliminary objection is a motion for more specific pleading. In his preliminary objection, defendant states, "In the alternative, defendant makes a claim for a more specific pleading." Pa.R.C.P. 1028(a)(3) provides that preliminary objections may be filed for insufficient specificity in a pleading. The content of pleadings is governed by Pa.R.C.P. 1019, which provides, in relevant part, as follows:

"(a) The material facts on which a cause of action or defense is based shall be stated in a concise and summary form.

"(f) Averments of time, place and items of special damage shall be specifically stated.

"(h) When any claim or defense is based upon an agreement, the pleading shall state specifically if the agreement is oral or written.

"(i) When any claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or a copy is not accessible to the pleader, it is sufficient so to state, to-

gether with the reason, and to set forth the substance in writing." 42 Pa.C.S. §1019.

Pennsylvania is a fact-pleading jurisdiction. Therefore, a complaint must not only provide a defendant with notice of the plaintiff's claim and the grounds upon which it is based, but it must also formulate the issues by summarizing those facts essential to support the cause of action. *Youndt v. First National Bank of Port Allegheny,* 868 A.2d 539, 544-45 (Pa. Super. 2005). A pleading is sufficiently specific only if it provides enough facts to enable the defendant to frame a proper answer and prepare a defense.

In both his preliminary objections and supporting brief, defendant fails to specify in what manner plaintiff's pleading is deficient or what additional specificity it seeks. After review of plaintiff's first amended complaint, we find that plaintiff has sufficiently set forth specific claims and attached the written contract upon which plaintiff's cause of action is based—breach of contract. The date and specific terms of the agreement can be found within the averments of the complaint and by reference in the attached exhibit. In short, defendant has sufficient information to prepare an answer to the complaint and to defend against the action. Defendant's preliminary objection for a more specific pleading will be overruled.

## ORDER

And now, April 22, 2010, after hearing on plaintiff's motion for reconsideration and review of the parties'

briefs, we hereby vacate our opinion and order dated February 16, 2010 previously entered in this matter.

We further order the following with respect to defendant's preliminary objections:

(1) Defendant's motion to dismiss for lack of subject matter jurisdiction is overruled.

(2) Defendant's motion to transfer for forum non conveniens is overruled.

(3) Defendant's demurrer for legal insufficiency of pleading—discharge/satisfaction of lien is overruled.

(4) Defendant's demurrer for legal insufficiency of pleading—failure to name correct defendant is overruled. Plaintiff is granted leave to and shall file its second amended complaint as attached to its brief in support of motion for reconsideration within 20 days of the date of this order.

(5) Defendant's motion for more specific pleading is overruled.

(6) Defendant shall file a responsive pleading to plaintiff's second amended complaint within 20 days of the date it is filed.