611 A.2d 767

**Stuart S. GREENFEIG and Beverly R. Greenfeig, Appellants,**

v.

**SEVEN SPRINGS FARM, INC., Appellee.**

Superior Court of Pennsylvania.

Submitted May 4, 1992.

Filed Aug. 7, 1992.

James D. Belliveau, Pittsburgh, for appellants.
Gerald J. Cipriani, Pittsburgh, for appellee.

Before WIEAND, JOHNSON and MONTGOMERY, JJ.

MONTGOMERY, Judge.

This personal injury action arose out of alleged injuries suffered by plaintiff-appellant Stuart S. Greenfeig, on August 22, 1986, while he was purportedly a business invitee on the resort premises of defendant-appellee Seven Springs Farm, Inc., in Somerset County, Pennsylvania. This appeal follows an order by the trial court transferring this action from the Court of Common Pleas of Allegheny County to the Court of Common Pleas of Somerset County. We find the trial court order to be an abuse of discretion and reverse.[1]

The record indicates that on December 22, 1987, the plaintiffs, Maryland residents, acting through Allegheny County counsel, instituted a complaint in the Court of Common Pleas of Allegheny County against the defendant. After service was accomplished, the defendant, also acting through Allegheny County counsel, filed a petition for removal, which resulted in the removal of the litigation to the United States District Court for the Western District of Pennsylvania, on or about January 26, 1988. Discovery was conducted by the parties, and the case was scheduled for trial in June 1989. On June 29, 1989, a jury was selected and the parties were fully prepared to go to trial. However, on that date, the United States District Judge assigned to the case remanded it to the Court of Common Pleas of Allegheny County.

Following remand of the matter to the Allegheny County Court, both the plaintiffs and the defendant conducted further discovery. In May 1990, the litigation was placed at issue, pursuant to the Local Rules of the Allegheny County Court. Appropriate notice was published, in July 1991, that the case would appear on the November 1991 trial list, with a trial scheduled for November 13, 1991. The matter was

---

1. On appeal from such an order, we examine whether the trial judge abused his discretion. *Hamay v. County of Washington,* 291 Pa.Super. 137, 141, 435 A.2d 606, 608 (1981).

called for trial on November 13, 1991 and counsel for the parties selected a jury on that date. The matter was then referred to a judge for trial. All parties were ready for trial, and all witnesses were present.

Immediately prior to the commencement of trial, counsel met with the trial judge. Although the colloquy which ensued was not transcribed, a reading of the trial court's opinion, and the briefs submitted to our court by the parties, establish that the trial judge raised the question of why the case was not being tried in Somerset County. Although the defendant had not previously voiced any request for a change of venue or otherwise sought to have the case transferred to Somerset County, defense counsel responded to the effect that his client would have preferred to have the case tried in Somerset County.[2] Over the objections of plaintiffs' counsel, and despite the fact that all parties, counsel, and witnesses were prepared to commence the trial of the case, the Allegheny County judge immediately entered the order transferring the case to the Court of Common Pleas of Somerset County.

In its opinion in support of this action, the trial court suggests that it ordered the change of venue on *forum non conveniens* grounds. Although the trial court acknowledged that venue in Allegheny County was entirely proper and that a plaintiff's choice of forum is entitled to great deference[3], the court explained that it treated the defense comment about a previously unmentioned preference for a Somerset County venue as a motion, and had ordered the

---

**2.** Reasonable doubt about this position arises when one considers that the only previous effort by the defense to change the plaintiffs' selection of venue was a petition to remove the matter to the United States District Court for the Western District of Pennsylvania, which would have still resulted in a trial in Pittsburgh. This evidences prior defense consideration of the best forum for the case, and a conclusion that a Pittsburgh trial, in Federal Court, would have been to the benefit of the defense, and not a burden.

**3.** It is well established that as long as venue is properly established, the plaintiff is entitled to select his own forum, and his choice may not be lightly set aside. *Horn v. Erie Insurance Exchange*, 373 Pa.Super. 186, 540 A.2d 584 (1988); *Fox v. Pennsylvania Power & Light Company*, 315 Pa.Super. 79, 82, 461 A.2d 805, 806 (1983).

trial transferred to that county because of considerations of public interest. The trial judge went on to explain his concerns about the limited number of commissioned judges in Allegheny County, and the Commonwealth's failure to properly fund all of the operations of the unified judicial system. The judge also pointed out that there had been a then recent curtailment of funding for senior judges, who significantly assisted in handling Allegheny County's overwhelming load of litigation. The trial judge's opinion made it clear that his main concern in transferring the case was the burden of litigation on the limited resources available to the Allegheny County court system.

While this court is sympathetic to the significant concerns which formed the basis for the trial court's order changing venue in this case, such action was not justified or appropriate under applicable law. Rule 1006 of the Pennsylvania Rules of Civil Procedure provides, in subsection (d)(1): "For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could have originally been brought." As noted above, the defendant in this case never filed any type of petition, preliminary objections, or other formal request for a transfer of venue. Instead, the trial court raised this matter *sua sponte*, at the outset of the trial, and seized upon defense counsel's comment about his client's previously unmentioned preference for a Somerset County trial, to order a change of venue. Under applicable law, in the absence of a petition, which should be filed on a timely basis, a trial court may not transfer a case to another forum, where for reasons perceived by the transferring court, the case could be more conveniently tried and decided. *Garzone v. Kelly*, 406 Pa.Super. 176, 593 A.2d 1292 (1991); *Penox Technologies, Inc. v. Foster Medical Corporation*, 376 Pa.Super. 450, 546 A.2d 114 (1988). In addition to the lack of a timely petition by defendant seeking a change of venue in this case, there was a complete absence of evidence to substantiate that it would be more convenient for either the parties

or the witnesses to litigate the action in Somerset County. In the absence of such evidence, it was a further abuse of discretion for the trial court to disturb the plaintiffs' choice of a proper forum. See *Triffin v. Turner*, 348 Pa.Super. 6, 501 A.2d 271 (1985), and cases cited therein on that point.

■■■ On appeal, the defendant points out that the doctrine of *forum non conveniens* provided an independent basis for the trial judge to transfer the case to a different county. It is clear that when a court, acting pursuant to that doctrine, finds that in the interests of substantial justice a matter should be heard in another forum, it may stay or dismiss the matter in whole or in part on any conditions that may be just. See *Rini v. New York Central Railroad Company*, 429 Pa. 235, 240 A.2d 372 (1968), and 42 Pa.C.S.A. § 5322(e). That rule appears to have no application in the instant case, in which the action was neither dismissed nor stayed, in whole or in part. It was transferred, and the change of venue order was obviously covered by Pa.R.Civ.P. 1006. Moreover, it is apparent that a change in venue had to result in significant inconvenience and expense to the parties in this matter. The parties and all of their witnesses and counsel were fully prepared to proceed with trial in Allegheny County when the trial court raised this issue *sua sponte*. Obviously, a significant delay in the proceedings, the rescheduling of trial, and the need for everyone involved to travel to another county for trial on a later date, were both inconvenient and burdensome. Additional expense could not be avoided in such a procedure. There was no evidence suggesting any convenience to anyone but the court from the transfer. Even under *forum non conveniens* standards, therefore, we would hold that the trial court abused its discretion in this situation. A trial judge, acting under that doctrine, should only dismiss the action if the plaintiff has selected a clearly inappropriate forum. *Rini v. New York Central Railroad Company*, *Id.* Although we certainly recognize the tremendous burdens placed upon our courts by inadequate and unreasonable funding limitations, such circumstances do not provide

the basis for a *forum non conveniens* transfer of a case from one county to another, when venue is properly laid in the first county. See *Horn v. Erie Insurance Exchange, supra,* 373 Pa.Super. at 189, 190, 540 A.2d at 586, where we stated, "A trial court may not utilize a transfer of venue merely to control its docket, to preserve judicial resources, or to avoid deciding cases which are properly before it." As in *Horn,* it is evident in this case that neither the parties nor the trial court have demonstrated that it would have been more convenient for the litigants or their witnesses to try this action in Somerset County, rather than in Allegheny County or that the latter was a clearly inappropriate forum. Thus, under prevailing precedent, the trial court's change of venue order was improper.

The order of the trial court is reversed and the case is remanded for further proceedings in the Allegheny County Court of Common Pleas. Jurisdiction is not retained.