617 A.2d 20

Catharyn A. TURNER, II, Appellant,

v.

E. James KOHL, M.D. and Bryn Mawr Hospital, Appellees.

Superior Court of Pennsylvania.

Argued May 12, 1992.

Filed Dec. 1, 1992.

508

Shanin Specter, Philadelphia, for appellant.

J. Michael Doyle, Philadelphia, for Bryn Mawr Hosp., appellee.

Before WIEAND, OLSZEWSKI and KELLY, JJ.

WIEAND, Judge:

This is an appeal from an order transferring venue in a civil action from Philadelphia County to Montgomery County for the convenience of parties and witnesses pursuant to Pa. R.C.P. 1006(d).

The action was commenced in March of 1988 by Catharyn A. Turner II against E. James Kohl, M.D. and Bryn Mawr Hospital. In her complaint, plaintiff alleged that she had been subjected to negligent treatment by Dr. Kohl, her orthopedic surgeon, and by the nurses at Bryn Mawr Hospital, which had resulted in surgery on a healthy right knee instead of an injured left knee. The defendant-hospital filed preliminary objections raising an issue of venue on the grounds that it did not do business in Philadelphia. These preliminary objections, however, were withdrawn by the hospital before they were ruled upon. Thereafter, Dr. Kohl filed a petition to transfer venue on the theory of forum non conveniens. The trial judge denied Dr. Kohl's motion by order dated March 2, 1990.

On November 7, 1990, plaintiff filed a petition for an accelerated listing and individual judge assignment. Her petition was granted, and the case was assigned to a second trial judge by order dated January 30, 1991. Shortly thereafter, the

defendant-hospital filed a petition to transfer on the grounds of forum non conveniens. After considering the defendant's petition and the plaintiff's response thereto, the trial judge assigned to handle the case entered an order granting the petition and transferring the case to Montgomery County for the convenience of the parties and witnesses. A motion to reconsider was summarily denied, and plaintiff appealed.

"As a general rule it is improper for a trial judge, absent new evidence, to overrule an interlocutory order by a judge of the same court in the same case." *Reed v. Reed*, 354 Pa.Super. 284, 288, 511 A.2d 874, 876 (1986), citing, *Robert Wooler Co. v. Fidelity Bank*, 330 Pa.Super. 523, 536–537, 479 A.2d 1027, 1034 (1984); *Bersani v. School District of Philadelphia*, 310 Pa.Super. 1, 4, 456 A.2d 151, 153 (1982); *Marmara v. Rawle*, 264 Pa.Super. 229, 238, 399 A.2d 750, 755 (1979). See also: *Golden v. Dion & Rosenau*, 410 Pa.Super. 506, 600 A.2d 568 (1991). "[T]his rule is not a matter of jurisdiction per se; rather it is a rule of sound jurisprudence based on the policy of fostering finality of pre-trial applications so that judicial economy and efficiency can be maintained." *Okkerse v. Howe*, 521 Pa. 509, 517, 556 A.2d 827, 831 (1989).

The defendant-hospital calls our attention to the fact that its preliminary objections to the propriety of venue were withdrawn and not decided. Therefore, the hospital argues, it has not had a prior opportunity to present its claim that the venue chosen by the plaintiff was inconvenient for parties and witnesses. However, a prior petition raising the same issue, i.e., the convenience of the parties and witnesses, was presented earlier by Dr. Kohl, and this petition was denied by another judge. The hospital's later petition offered no additional facts or changed circumstances. To allow multiple petitions for change of venue under Pa.R.C.P. 1006(d) until such time as a judge can be found who will look favorably upon such a petition does not serve judicial economy or judicial efficiency. It matters not that each petition is presented by a different defendant, for the issue is the same, i.e., the convenience of the parties and witnesses. Unless circumstances have changed, therefore, a second petition for change of venue under Pa.R.C.P. 1006(d) should not be presented after a first

petition has been considered and denied. See: *Okkerse v. Howe, supra.*

The trial court suggested that the decision of the Supreme Court in *Purcell v. Bryn Mawr Hospital,* 525 Pa. 237, 579 A.2d 1282 (1990), constituted newly decided legal authority which compelled a transfer of venue. The decision in *Purcell,* however, pertained to proper venue under Pa.R.C.P. 2179. It did not pertain to and did not alter the principles applicable to changes of venue for the convenience of parties and witnesses under Pa.R.C.P. 1006(d).[1]

The present action had been given an accelerated listing and was ready for trial. Venue in Philadelphia was proper, and a prior petition to transfer venue for the convenience of parties and witnesses under Pa.R.C.P. 1006(d) had been denied. Under these circumstances, we hold, it was an abuse of discretion for the trial judge to grant a second petition to transfer venue in the absence of changed circumstances. To do so served only to delay; it did not serve judicial economy or the efficiency of a unified judicial system.

Order reversed.

KELLY, J., files a concurring statement.

KELLY, Judge, concurring:

I wholeheartedly join the opinion of my esteemed colleague, the Honorable Donald E. Wieand, reversing the trial court's order granting the defendant-hospital's petition to transfer venue on the grounds of *forum non conveniens* after an earlier petition to transfer venue on the same grounds had been denied sixteen months earlier by a different presiding judge. The majority opinion properly holds that absent new evidence, it is improper for a succeeding judge to overrule the decisions of his or her predecessor. *See Hutchison v. Luddy,* 417 Pa.Super. 93, 108, 611 A.2d 1280, 1288 (1992); *Salerno v. Philadelphia Newspapers, Inc.,* 377 Pa.Super. 83, 87, 546 A.2d 1168, 1170 (1988).

1. The author of the court's opinion in *Purcell* observed expressly that "[t]he issue of *forum non conveniens* was not raised in this appeal or in the courts below ... and [w]e do not address that issue." *Id.* at 248 n. 4, 579 A.2d at 1287 n. 4.

I write only to point out that in its improper consideration and disposition of the defendant-hospital's petition to transfer venue on the same grounds as the earlier petition, the trial court also failed to give any weight to several factors which I believe are pertinent and should be factored into any decision to transfer venue. These factors are the timeliness of the defendant's petition to transfer venue, the amount of discovery which has been completed in preparation for litigation in the chosen forum, and the status of the case on the trial court's calender. *See Wills v. Kaschak*, 420 Pa.Super. 540, 617 A.2d 37.

Instantly, the defendant-hospital had waited more than three years to file its petition to transfer venue. Additionally, extensive discovery had already taken place in anticipation of a trial in the chosen forum. Finally, the case had been given an accelerated listing and was ready for trial. Accordingly, it is my belief that the defendant-hospital's petition to transfer venue should have been denied even if it had been properly before the trial court.

Finally, although I am cognizant of the increased congestion in the Philadelphia trial courts (and in other trial courts in our large urban centers), this factor alone should not be viewed as giving trial judges *carte blanche* authority to transfer any case, at any time, which may be as conveniently litigated elsewhere. Indeed, as Justice Musmanno once observed, "If case load is to determine availability of the courts to injured persons, then justice has become a commodity dependent on the size of the courthouse and the number of personnel therein rather than on the intrinsic merit of claims filed by the litigants." *Rini v. New York Central Railroad Company*, 429 Pa. 235, 242, 240 A.2d 372, 376 (1968) (Musmanno, J., dissenting); *see also Greenfeig v. Seven Springs Farms, Inc.*, 416 Pa.Super. 580, 611 A.2d 767 (1992) (No. 2121 Pittsburgh 1991, slip opinion at 6–7, filed 8/7/92) ("Although we certainly recognize the tremendous burdens placed upon our courts by inadequate and unreasonable funding limitations, such circumstances do not provide the basis for a *forum non conveniens* transfer of a case from one county to another, when venue is properly laid in the first county").

512

The underlying factors supporting the transfer of the instant case, should have been, or were known to exist by the defendant-hospital within a reasonable time after the filing of the complaint (*i.e.* location of defendant-hospital's offices, appellant's change of residence to Washington D.C., location of fact witnesses, county in which cause of action arose). The trial court's apparent disregard of the three year delay in seeking the transfer, the extensive discovery that had already taken place in anticipation of a trial in the chosen forum and by placement of the case on the accelerated ready for trial list are further examples of the emphasis trial courts are placing on the congestion in the courts of our large urban centers when granting petitions to transfer. As this Court has cogently observed, a "trial court may not utilize a transfer of venue merely to control its docket, to preserve judicial resources, or to avoid deciding cases which are properly before it." *Horn v. Erie Insurance Exchange*, 373 Pa.Super. 186, 189–90, 540 A.2d 584, 586 (1988). Thus, the trial court's order transferring venue out of Philadelphia County merely to alleviate some of the congestion from the civil docket actually delayed the trial. *See Wills v. Kaschak, supra* (Kelly, J., dissenting)