638 A.2d 1027

Gerald FARLEY, Jr. and Susan Farley, h/w, Appellants,

v.

McDONNELL DOUGLAS TRUCK SERVICES, INC.,
Mack Trucks, Inc., and Milton Paper Company,
Hunters Point Steel, Appellees.

Superior Court of Pennsylvania.

Argued Oct. 27, 1993.

Filed March 17, 1994.

458

Louis F. Hinman, III, Philadelphia, for appellants.

Louis E. Cheek, Philadelphia, for Hunters Point, appellee.

Before ROWLEY, President Judge, and McEWEN and KELLY, JJ.

KELLY, Judge:

In this appeal we are asked to determine if the trial court abused its discretion when it granted a motion to dismiss a complaint on the grounds of *forum non conveniens*. Under the facts of this case, we hold that the trial court did abuse its

discretion when it dismissed the complaint. Thus, we reverse the trial court's order dismissing the complaint and remand for further proceedings consistent with this opinion.

On September 11, 1990, appellant, Gerald Farley, was making a delivery to defendant, Milton Paper Company ("Milton Paper") in Long Island, New York. When alighting from the truck, appellant's foot slipped off the truck's gas tank. After falling from the truck, he twisted his ankle on a piece of scrap iron which was on Milton Paper's loading dock. Appellants' complaint alleges that the gas tank of the truck was defectively designed and maintained and the condition of Milton Paper's property was dangerous and that these two factors combined to injure appellant, Gerald Farley.

The truck involved was manufactured by defendant, Mack Truck, Inc. ("Mack"). Defendant, McDonnell Douglas Truck Services, Inc. ("McDonnell") leased the truck to appellant's, Gerald Farley's, employer.

Appellants are residents of Philadelphia, Pennsylvania. Defendants, Mack and McDonnell, maintain offices in Philadelphia, Pennsylvania. Defendant's, Milton Paper's, principal place of business is in Long Island, New York.

Appellants brought a civil action against defendants McDonnell, Mack and Milton Paper in Philadelphia, Pennsylvania. None of the defendants objected to the venue. Defendant, Milton Paper, filed a writ to join Hunters Point Steel Company ("Hunters Point"), as an additional defendant. Approximately a year after Hunters Point was joined as an additional defendant, Milton Paper filed a defendant's complaint against appellee. Nine days later, appellee filed a motion to dismiss on the basis of *forum non conveniens*. Hunters Point's principal place of business is in Long Island, New York.

Hunters Point's motion to dismiss was granted and appellants' complaint was dismissed. This appeal follows.

Appellants raise one issue on appeal:
WHETHER THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING THE ADDITIONAL DEFENDANT'S PETITION TO DISMISS/TRANSFER ON THE

BASIS OF INCONVENIENT FORUM, WHEN IT FAILED TO GIVE GREAT WEIGHT TO PLAINTIFFS' CHOICE OF FORUM, WHEN IT FAILED TO INSURE THAT AN ALTERNATIVE FORUM WAS AVAILABLE, AND WHEN IT FAILED TO WEIGH OTHER IMPORTANT FACTORS INDICATING THAT PENNSYLVANIA WOULD OFFER A MORE CONVENIENT AND APPROPRIATE SITUS FOR PLAINTIFFS' ACTION.

Appellants' Brief at 2.

 The doctrine of *forum non conveniens* has been codified at 42 Pa.C.S.A. § 5322(e) as follows:

**(e) Inconvenient forum.**—When a tribunal finds that in the interest of substantial justice the matter should be heard in another forum, the tribunal may stay or dismiss the matter in whole or in part on any conditions that may be just.

*Forum non conveniens* allows a trial court to dismiss a complaint even if jurisdictional requirements are met. *Cinousis v. Hechinger Dep't. Store*, 406 Pa.Super. 500, 594 A.2d 731 (1991). The decision to dismiss a case under 42 Pa.C.S.A. § 5322(e) is within the trial court's discretion and will not be reversed where there is not an abuse of discretion. *Shears v. Rigley*, 424 Pa.Super. 559, 623 A.2d 821 (1993); *Tyro Industries v. James A. Wood, Inc.*, 418 Pa.Super. 296, 614 A.2d 279 (1992); *Cinousis v. Hechinger Dep't. Store, supra; Beatrice Foods Co. v. Proctor and Schwartz, Inc.*, 309 Pa.Super. 351, 455 A.2d 646 (1982).

 Because it is for the plaintiff to choose the place of suit that choice will not be disturbed absent weighty reasons. *Walker v. Ohio River Co.*, 428 Pa. 552, 239 A.2d 206 (1968), *cert. denied*, 393 U.S. 835, 89 S.Ct. 106, 21 L.Ed.2d 105 (1968); *Shears v. Rigley, supra; Daugherty v. Inland Tugs Co.*, 240 Pa.Super. 527, 359 A.2d 465 (1976). For a dismissal on the ground of *forum non conveniens* to be appropriate, the private and public factors must be strongly in favor of the party moving for dismissal. *Shears v. Rigley, supra; Petty v.*

*Suburban General Hospital*, 363 Pa.Super. 277, 525 A.2d 1230 (1987). The private elements to consider are:

the relative ease of access to sources of proof; availability of compulsory process for attendance for unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of the premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Plum v. Tampax, Inc.*, 399 Pa. 553, 561, 160 A.2d 549, 553 (1960). *See also Shears v. Rigley, supra; Cinousis v. Hechinger Dep't Store, supra.*

The public elements to consider are:

Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. There is an appropriateness, too, in having the trial ... in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

*Plum v. Tampax, Inc., supra* at 561–62, 160 A.2d at 553. *See also Shears v. Rigley, supra; Cinousis v. Hechinger Dep't Store, supra.*

 But, one of the most important factors in determining whether a dismissal on ground of *forum non conveniens* is appropriate is whether an alternative forum is available to the plaintiff. *Plum v. Tampax, Inc., supra. See also Shears v. Rigley, supra; Cinousis v. Hechinger Dep't Store, supra; Miller v. Gay*, 323 Pa.Super. 466, 470 A.2d 1353 (1983). The Pennsylvania Supreme Court in *Plum v. Tampax, Inc., supra,* stated:

[an] action will not be dismissed in any event unless an alternative forum is available to the plaintiff. Because of the second factor, the suit will be entertained, no matter how appropriate the forum may be, if defendant cannot be subjected to jurisdiction in other states. The same will be

true if plaintiff's cause of action would elsewhere be barred by the statute of limitations, unless the court is willing to accept defendant's stipulation that he will not raise this defense in the second state.

*Id.* at 561, 160 A.2d 553 (quoting Restatements (Second) Conflicts of Laws § 117(c) (tentative draft 1957)). *See also Shears v. Rigley, supra; Cinousis v. Hechinger Dep't Store, supra.* Proper application of the doctrine of *forum non conveniens* requires the trial court to make a finding, on the record, as to the availability of other forums and then exercise its discretion after considering all other factors. *Plum v. Tampax, Inc., supra.* Dismissal of a complaint on the grounds of *forum non conveniens* should not be granted when such a decision results in the plaintiff being unable to institute an action elsewhere. *Miller v. Gay,* 323 Pa.Super. 466, 470 A.2d 1353 (1983). *Cf. Norman v. Norfolk & Western Railway, Co.,* 228 Pa.Super. 319, 323 A.2d 850 (1974) (no abuse of discretion to dismiss a complaint conditionally requiring the defendant to stipulate that he will accept service and will not plead the statute of limitations in the more convenient forum); *White v. Norfolk and Western Railway Co.,* 229 Pa.Super. 331, 323 A.2d 68 (1974) (same).

■ Presently, the trial court granted appellee's motion and dismissed appellants' complaints on the grounds of *forum non conveniens.* While the trial court did discuss the private and public factors it considered, the trial court did not make a finding that an alternative forum was available. By failing to consider all of the necessary factors, specifically the availability of an alternative forum, before dismissing the case on the basis of *forum non conveniens,* the trial court abused its discretion when it dismissed appellants' complaint.

■ Further, the trial court erred when it found the public and private factors strongly favored the forum proposed by additional-defendant, appellee. Presently, the trial court stated it found insufficient contacts in Philadelphia to maintain the case in this forum. (Trial Court Opinion at 18). We disagree.

The private interests which the trial court found to be in favor of granting the motion to dismiss the complaint were that New York was the site of the physical injury, the witnesses and documents relating to the physical injury are in New York and appellee's and Milton Paper's principal places of business are in New York. The trial court acknowledged that appellants reside in Philadelphia, appellant was treated in Philadelphia for his injury and at least one of the defendants has an office in Philadelphia. However, the trial court did not consider that the witnesses concerning appellant's employment, the documents and witnesses regarding the truck's leasing agreement to appellant's employer, and the witnesses and records concerning the maintenance and repair of the truck are all in Pennsylvania.

Also, the trial court has failed to consider that a year's worth of discovery has taken place in Philadelphia. In addition to the enumerated private factors to consider, the trial courts are also to consider "other practical problems that make trial of a case easy, expeditious and inexpensive." *Plum v. Tampax, Inc.*, *supra* at 561, 160 A.2d at 553. One of these practical problems is the amount of discovery and pre-trial preparations which has taken place between the filing of a complaint and the filing of a motion to dismiss on the ground of *forum non conveniens*. The federal courts do consider such factors when determining if the motion to dismiss should be granted. *See e.g. McFarlin v. Alcoa S.S. Co.*, 210 F.Supp. 793 (D.C.Pa.1962) (when pretrial proceedings had gone on for nearly one year, court did not abuse its discretion in refusing to transfer to another forum). *See also e.g. McGraw–Edison Co. v. Van Pelt*, 350 F.2d 361 (8th Cir.1965) (trial court did not abuse its discretion in denying transfer when motion was not made until five months after complaint was filed); *American Standard, Inc. v. Bendix Corp.*, 487 F.Supp. 254 (W.D.Mo. 1980) (delay in moving for a change of venue is a consideration).

Presently, appellant and the three original defendants had been taking discovery for a year before additional-

defendant moved to dismiss.[1] The trial court failed to consider that none of the original defendants to the suit objected to the venue. Rather, each party, including Milton Paper, whose principle place of business is in New York, was proceeding with the suit and involved in the discovery process in Pennsylvania. It is only the additional defendant, appellee, who objected to the venue of this case. Notwithstanding that appellee filed a motion to dismiss promptly after being served the complaint, the objection to the forum is a year and a half after the case was initiated.

The private factors which must be considered do not strongly favor dismissing the complaint. The burdens of trying this case in New York appear to be equal to the burdens of trying the case in Philadelphia, Pennsylvania. Regardless of where the case is tried, witnesses and documents are going to have to be brought from the other state. Dismissing the case from the Pennsylvania court so that it may be held in New York does not best effectuate the interests of all the parties. Indeed, as the three original defendants already have participated in discovery in Pennsylvania, many of the necessary documents already have been brought to Pennsylvania. We further note that the original defendants have not filed a brief or presented argument in this appeal. The private factors sim-

1. Appellee contends that the fact that discovery had been ongoing for a year before appellee's motion to dismiss was filed was, in part, appellants' fault. Appellee posits that appellants had a duty to ensure that a complaint was filed against appellee in a timely fashion, and appellants' failure to do so should also be considered when the trial court is considering the private factors. We disagree.

A party joining an additional-defendant has the duty to file, in a timely fashion, a complaint against an additional-defendant. Pa. R.Civ.P. 2252. The plaintiff is permitted to seek a rule to file the complaint if the joining party does not file a complaint in a timely fashion. *Id.* But the plaintiff is not required to do so. *See Id.* We further note that the additional-defendant has the same right as the plaintiff to seek a rule to file a complaint. *Id.*

Presently, appellants were not the joining party. Appellants were the plaintiffs. Therefore, appellants were not required to ensure a complaint was filed against appellee, the additional-defendant. Because the delay in the filing of a complaint against appellee was not appellants' fault, the delay should not detract from the consideration of the amount of pre-trial preparation and discovery which has taken place so far.

ply do not supply any weighty reasons for depriving appellants of their choice of forum for this suit.

 The trial court also lists the public factors which it must consider in determining whether to dismiss a case on the ground of *forum non conveniens*. But, the trial court only mentions one public factor, the backlog of cases in Philadelphia County, Pennsylvania, when it explains why it found it appropriate to dismiss the complaint. While we are aware of the increased congestion in the Philadelphia courts, this factor alone should not be viewed as giving trial courts *carte blanche* authority to transfer any case which may be as conveniently litigated elsewhere. *See Rini v. New York Central Railroad Co.*, 429 Pa. 235, 240 A.2d 372 (1968) (Musmanno, J., dissenting) ("if case load is to determine availability of the courts to injured persons, then justice has become a commodity dependent on the size of the courthouse and the number of personnel therein rather than on the intrinsic merit of claims filed by litigants"); *Greenfeig v. Seven Springs Farm, Inc.*, 416 Pa.Super. 580, 611 A.2d 767 (1992) ("Although we certainly recognize the tremendous burdens placed upon our courts by inadequate and unreasonable funding limitations, such circumstances do not provide the basis for a *forum non conveniens* transfer of a case."). *See also Wills v. Kaschak*, 420 Pa.Super. 540, 617 A.2d 37 (1992) (Kelly, J. dissent); *Turner v. Kohl*, 420 Pa.Super. 507, 617 A.2d 20 (1992) (Concurring Statement by Kelly, J.).

 Most trial courts in large urban areas are experiencing a backlog of cases; neither the trial court nor appellee suggest that the courts in Long Island, New York are not facing a similar burden. Further, because the appellants are residents of Philadelphia, and part of the reason for appellant's injuries, *i.e.* the defective maintenance of the truck occurred in Philadelphia, Philadelphia does have an interest in the case. Therefore, jury duty would not be imposed upon a community which has no relation with the litigation. Finally, regardless of where the case is tried, in Pennsylvania or in New York, the trial court hearing the case will have a conflict

of laws question to determine. Thus, the public factors do not strongly favor the motion to dismiss on the ground of *forum non conveniens.*

The public and private factors are not strongly in favor of appellee. There are no "weighty reasons" in the record which support the dismissal of appellants' action in the trial court.[2] The trial court did not consider all of the factors on the record, most importantly whether an alternative forum existed, before deciding to dismiss appellants' complaint and therefore abused its discretion when it dismissed the complaint. Accordingly, we reverse the order and remand for further proceedings consistent with this opinion.

Order reversed. Jurisdiction not retained.

**2.** We note that the trial court's order permits the appellants to file the complaint within thirty days in the proper court in New York State. Our courts lack the authority to transfer matters to courts of our sister states. *Shears v. Rigley, supra; United Carolina Bank v. Martocci,* 416 Pa.Super. 16, 610 A.2d 484 (1992). Therefore, a Pennsylvania court cannot give appellants permission to proceed with their case in a sister state regardless of whether the statute of limitations has run in the sister state. Rather, the trial court should either retain jurisdiction or dismiss on the condition that the defendants will accept service and not invoke the statute of limitations when the case is brought in the new forum. *See Miller v. Gay, supra; Norman v. Norfolk & Western Railway Co., supra.*