Dennis D'ALTERIO, Appellant,

v.

NEW JERSEY TRANSIT RAIL OPERATIONS, INC.,
Appellee.

Superior Court of Pennsylvania.

Argued Oct. 29, 2003.
Filed Feb. 24, 2004.

Thomas J. Joyce III, Philadelphia, for appellant.

Richard K. Hohn, Philadelphia, for appellee.

Before: DEL SOLE, P.J., and HUDOCK and TODD, JJ.

OPINION BY TODD, J.:

¶ 1 Dennis D'Alterio appeals the April 24, 2003 Order of the Philadelphia County Court of Common Pleas dismissing his action against New Jersey Transit Rail Operations, Inc. ("New Jersey Transit") on the grounds of *forum non conveniens*. For the reasons that follow, we reverse the trial court's order.

¶ 2 The facts relevant to our disposition of the instant case are as follows: On May 9, 2001, Appellant, a resident of New Jersey, was injured during the course of his employment as a machinist for New Jersey Transit, a New Jersey corporation that does business in Philadelphia. At the time he was injured, Appellant was working at the Meadows Maintenance Complex in Kearny, New Jersey. Appellant sustained injuries to his left middle finger.

¶ 3 On January 7, 2002, Appellant filed suit against New Jersey Transit in the Philadelphia County Court of Common Pleas. New Jersey Transit filed an answer to Appellant's complaint, and the parties engaged in discovery. On September 25, 2002, an arbitration hearing was conducted in Philadelphia, and the panel found in favor of Appellant and awarded him $40,000. New Jersey Transit appealed and demanded a jury trial. The case was scheduled for trial in April 2003. On

April 8, 2003, the trial judge, the Honorable Bernard Goodheart, issued *sua sponte* a Rule to Show Cause why Appellant's action should not be dismissed on the ground of *forum non conveniens*. A hearing was conducted on April 15, 2003, following which the trial judge issued an order dismissing Appellant's case on this ground. This appeal followed, wherein Appellant argues that the trial judge abused his discretion in dismissing *sua sponte* Appellant's complaint on the basis of *forum non conveniens* without weighing all applicable public and private factors involved in the case.

¶ 4 Initially, we note that under 42 Pa. C.S.A. § 5322(e), "[w]hen a tribunal finds that in the interest of substantial justice the matter should be heard in another forum, the tribunal may stay or dismiss the matter in whole or in part on any conditions that may be just." 42 Pa.C.S.A. § 5322(e). In *Humes v. Eckerd Corp.,* 807 A.2d 290 (Pa.Super.2002), this Court clarified the appropriate standard of review of an order dismissing an action on the basis of *forum non conveniens:*

> The two most important factors for the court to consider [in making the determination of whether to dismiss a suit on the basis of *forum non conveniens*] are (1) a plaintiff's choice of the place of suit will not be disturbed except for weighty reasons, and (2) no action will be dismissed unless an alternative forum is available to the plaintiff.

*Id.* at 293–94 (citing *Poley v. Delmarva Power and Light Co.,* 779 A.2d 544, 546 (Pa.Super.2001)).

¶ 5 This Court further has explained that "[f]or a dismissal on the ground of *forum non conveniens* to be appropriate, the private and public factors must be strongly in favor of the party moving for dismissal." *Farley v. McDonnell Douglas Truck Serv., Inc.,* 432 Pa.Su-

per. 456, 461, 638 A.2d 1027, 1029 (1994) (citing *Shears v. Rigley,* 424 Pa.Super. 559, 623 A.2d 821 (1993); *Petty v. Suburban Gen. Hosp.,* 363 Pa.Super. 277, 525 A.2d 1230 (1987)). The private factors to be considered include:

> the relative ease of access to sources of proof; availability of compulsory process for attendance for unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of the premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Farley,* 432 Pa.Super. at 462, 638 A.2d at 1030 (citing *Plum v. Tampax, Inc.,* 399 Pa. 553, 561, 160 A.2d 549, 553 (1960)).

¶ 6 With regard to the public factors a court must consider, this Court has recognized that

> [a]dministrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. There is an appropriateness, too, in having the trial ... in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

*Id.* (citing *Plum,* 399 Pa. at 561–62, 160 A.2d at 553).

¶ 7 Finally, "one of the most important factors in determining whether a dismissal on ground of *forum non conveniens* is appropriate is whether an alternative forum is available to the plaintiff." *Farley,* 432 Pa.Super. at 462, 638 A.2d at 1030 (citing *Plum, supra*).

¶ 8 In its opinion written in support of its dismissal of Appellant's action, the trial

court maintains that it properly engaged in an analysis of the public and private factors prior to dismissing Appellant's action. In its opinion, the trial court noted that both parties are citizens of New Jersey, that Appellant's injuries occurred in New Jersey, and that all of the proposed fact witnesses reside in New Jersey. (Trial Court Opinion, 6/26/03, at 2.) The court further concluded:

- Both parties' access to evidence would be better in New Jersey;

- Process to compel the attendance of witnesses would be more effective in New Jersey, where the witnesses are located;

- Attendance of witnesses would be more convenient [in New Jersey];

- A view of the premises would be more convenient in New Jersey;

- The litigation has no relation to Philadelphia; and

- Any applicable state law would be that of New Jersey.

Finally, it appears clear that [Appellant] will indeed have an alternative forum in New Jersey. As set forth in my Order of April 23, 2003 dismissing this case, [New Jersey Transit] has agreed that it will not raise any statute of limitations defense to an action filed by [Appellant] in New Jersey.

(*Id.* at 2–3.)

¶ 9 Although it appears, based on the trial court's opinion, that the court considered all of the private and public factors necessary to a determination of whether a case should be dismissed on the basis of *forum non conveniens*, we are constrained to hold that the trial court abused its discretion in concluding that such factors favored the dismissal of Appellant's case. As previously noted, in addition to the private factors listed above,

the trial courts are also to consider "other practical problems that make trial of a case easy, expeditious and inexpensive." *Plum v. Tampax, Inc., supra* at 561, 160 A.2d at 553. One of these practical problems is the amount of discovery and pre-trial preparations which has taken place between the filing of a complaint and the filing of a motion to dismiss on the ground of *forum non conveniens*.

*Farley*, 432 Pa.Super. at 464, 638 A.2d at 1031 (citations omitted).

¶ 10 In *Farley*, the appellant, a truck driver who was making a delivery to Milton Paper Company in Long Island, New York, was injured when his foot slipped off the truck's gas tank and he fell onto a loading dock, twisting his ankle on a piece of scrap iron that was on the dock. The appellant, a resident of Philadelphia, Pennsylvania, filed suit in Philadelphia against Milton Paper, as well as the truck's manufacturer and the truck's owner, both of which maintained offices in Philadelphia. Milton Paper subsequently filed a writ to join Hunters Point Steel Company, whose principal place of business was in Long Island, as an additional defendant. Approximately one year after Hunters Point was joined as an additional defendant, Milton Paper filed a cross-claim against Hunters Point. Nine days later, Hunters Point filed a motion to dismiss on the basis of *forum non conveniens*. The trial court granted the motion and dismissed the appellant's complaint, finding that there were insufficient contacts to support an action in Philadelphia. Specifically, the trial court noted that the appellant's injury occurred in New York; that the witnesses and documents relating to the appellant's injury were in New York; and that Milton Paper's and Hunters Points' principal places of business were in New York.

¶ 11 On appeal, this Court reversed the trial court's order, noting that the trial court failed to consider, in addition to the fact that the appellant resided in and was treated for his injuries in Philadelphia, that the witnesses and records pertaining to the appellant's employment, the truck's leasing agreement with the appellant's employer, and the maintenance and repair of the truck were all in Pennsylvania. We further noted that the trial court failed to consider that more than a year's worth of discovery had occurred in Philadelphia:

appellant and the three original defendants had been taking discovery for a year before additional-defendant moved to dismiss. The trial court failed to consider that none of the original defendants to the suit objected to the venue. Rather, each party, including Milton Paper, whose principle place of business is in New York, was proceeding with the suit and involved in the discovery process in Pennsylvania. It is only the additional defendant, appellee, who objected to the venue of this case. Notwithstanding that appellee filed a motion to dismiss promptly after being served the complaint, the objection to the forum is a year and a half after the case was initiated.

The private factors which must be considered do not strongly favor dismissing the complaint. The burdens of trying this case in New York appear to be equal to the burdens of trying the case in Philadelphia, Pennsylvania. Regardless of where the case is tried, witnesses and documents are going to have to be brought from the other state. Dismissing the case from the Pennsylvania court so that it may be held in New York does

not best effectuate the interests of all the parties. Indeed, as the three original defendants already have participated in discovery in Pennsylvania, many of the necessary documents already have been brought to Pennsylvania.

*Id.* at 464–65, 638 A.2d at 1031 (footnote omitted). Accordingly, we concluded that the private factors did not constitute sufficiently weighty reasons to deprive the appellant of his choice of forum. *Id.* at 465–66, 638 A.2d at 1031–32.[1] *See also Goodman v. Pizzutillo,* 452 Pa.Super. 436, 682 A.2d 363 (1996) (where trial court failed to consider six years of discovery and pretrial preparation that occurred in Philadelphia and the record failed to demonstrate how trial in Philadelphia would create great hardship for defendants, the private factors did not supply sufficiently weighty reasons for depriving plaintiff of her choice of forum and dismissing case on ground of *forum non conveniens*).

¶ 12 In the instant case, the parties engaged in the discovery process for approximately one year and three months. All pre-trial preparation had been completed, and the parties were scheduled for trial. At no time did New Jersey Transit object to Appellant's choice of venue or raise the issue of *forum non conveniens.* Indeed, at the hearing on the rule to show cause, New Jersey Transit failed to allege that its access to sources of proof or to witnesses would be impeded by trial in Philadelphia. Furthermore, when counsel for Appellant advised the trial court that the sole eyewitness to the accident had agreed to go to Philadelphia to testify, that the doctor's deposition had been videotaped, and that, as a result, there was no

1. This Court also held in *Farley* that the public factors considered by the trial court, which included only the backlog of cases in Philadelphia, did not strongly favor the granting of a motion to dismiss on the ground of *forum non conveniens,* and that the trial court also failed to consider whether an alternative forum existed prior to dismissing the appellant's complaint. *Farley,* 432 Pa.Super. at 466–67, 638 A.2d at 1032.

inconvenience to Appellant, (N.T. Hearing, 4/15/02, at 8), the trial court simply responded "[t]here is an inconvenience to the court system and the taxpayers of the City of Philadelphia and Pennsylvania." (*Id.*) Based on all of the above, we conclude that the trial court abused its discretion in holding that the public and private factors supported a dismissal of Appellant's case on the ground of *forum non conveniens* and in dismissing Appellant's case *sua sponte*.[2] Accordingly, we reverse the trial court's order and remand this case for further proceedings consistent with this opinion.

¶ 13 Order REVERSED. Case RE-MANDED. Jurisdiction RELIN-QUISHED.

2. Although this Court has condemned the *sua sponte* transfer of venue under Rule 1006 of the Pennsylvania Rules of Civil Procedure in the absence of a petition by a party, *see Greenfeig v. Seven Springs Farm, Inc.*, 416 Pa.Super. 580, 584, 611 A.2d 767, 769 (1992), our research has revealed no prohibition on *sua sponte* dismissal of an action under 42 Pa. C.S.A. § 5322(e) provided that the private and public factors weigh strongly in favor of dismissal. *But see Greenfeig*, 416 Pa.Super. at 585, 611 A.2d at 770 (where the parties, witnesses, and counsel all were prepared to go to trial in selected forum, trial court's *sua sponte* transfer of case to another forum on the basis of *forum non conveniens* was an abuse of discretion since transfer would result in the inconvenient and burdensome significant delay in the proceedings, rescheduling of trial, and the need for everyone to travel to another county for a trial on a later date, and transfer was convenient only to the court). However, as we have concluded that the public and private factors do not support the trial court's dismissal, we do not reach the issue of whether *sua sponte* dismissal on the grounds of *forum non conveniens* is *per se* erroneous.