**Bochetto v. Dineling, Schreiber & Park.**

---

15. *See* Criminal Docket attached as Exhibit "A."

*Michael Miska*, for plaintiff.

*James Lare, Zachary Ballard* and *John Salmon*, for defendants.

LACHMAN, *J.*, January 31, 2013—This case arises from the crash of an aircraft in Portugal. Defendants Piper Aircraft Inc., American Capital Ltd., and Dineling, Schriber & Park ("the moving defendants") filed a *Motion to Dismiss with Prejudice for Forum Non Conveniens* pursuant to 42 Pa.C.S. § 5322(e). The court has entered an order granting that motion and dismissing this action *on the condition* that *all* of the defendants in this action submit written stipulations (1) accepting service of process in a subsequent action brought in Portugal alleging the same injuries and damages as set forth in the within action; (2) admitting jurisdiction in Portugal; and (3) waiving the statute of limitations defense in the subsequent action to be filed in Portugal. The stipulations must be filed with the Prothonotary and submitted to this court for approval within thirty (30) days of entry of the order on the docket.

The Model PA 34-2023 Seneca V aircraft at issue was manufactured by defendant Piper Aircraft in Florida in 1998. It was originally sold to Northern Air Inc. of Grand Rapids, MI, and then to S & S Aviation Inc. in Sylvania, Ohio. In 2001, it was sold to the Ben-Air Flight Academy in Belgium, where it was registered with the Belgium Civil Aviation Authority in January 2006. On June 18, 2009, Ben-Air leased the aircraft to a flight school in Portugal

called Aeronautical Academy of Evora ("AAE"). From June 18, 2009 until the crash on September 15, 2009, the aircraft was maintained by AAE and/or CAE Global Academy ("CAE").

AAE is an independent company but is part of the worldwide chain of flight schools operated by CAE. CAE operates flight schools in San Diego, CA and Phoenix, AZ. CAE has aviation training facilities in Morristown, NJ; Charlotte, NC; Dallas, TX; Miami FL; and San Francisco, CA. AAE and CAE do not have any facilities located in Pennsylvania or any connection to Pennsylvania.

On September 15, 2009, the aircraft was engaged in a nighttime training exercise when it broke up in flight and crashed in a field near Castro Verde, Portugal. All three occupants died; a flight instructor employed by AAE and two student pilots attending AAE. They were Spanish citizen Javier Terron Sancho (the instructor), Dutch citizen Dennis Falize, and Andrew Miller, who had dual Dutch/Australian citizenship.

GPIAA, the Portuguese equivalent of the NTSB, investigated the crash. Experts participated in the accident investigation from Piper, Continental Motors (the engine manufacturer) and other American companies whose products were incorporated into the accident aircraft. The remains of the accident aircraft are stored at a Portuguese university.

The Orphans' Court of Philadelphia County appointed Pennsylvania attorney Robert C. Daniels to be the administrator of the Estates of Sancho, Falize, and Miller,

Mr. Daniels and the parents of the victims brought this wrongful death and survival action in the Philadelphia Court of Common Pleas on September 2, 2011. The parents of the victims are citizens of Spain, the Netherlands, and the Dutch Antilles-Caribbean. Piper removed the case to the U.S. District Court for the Eastern District of Pennsylvania, but it was remanded back to the Court of Common Pleas. After Mr. Daniels's death, he was replaced by attorney George Bochetto as administrator of the Estates.

Plaintiffs brought this case against fourteen American corporations (five of them various past or present Teledyne companies), and did not sue AAE or CAE. Plaintiffs assert several claims against each of the Defendants, including strict products liability, negligence, breach of express and implied warranty, fraud, misrepresentation and concealment, civil conspiracy, and concerted action. Plaintiffs' theory of the case is focused on the design of the aircraft's engine, which was manufactured in Alabama by Defendant Continental Motors Inc., a Delaware Company f/k/a Teledyne Continental Motors Inc. and/or Teledyne Continental Motors. The focus of the moving defendants' theory of the case is on the maintenance and service (or lack thereof) given to the aircraft in Portugal by AAE and/or CAE.

Defendants Textron, Cessna Aircraft Co., and McCauley Propeller Systems were dismissed from the case prior to the filing of the present Motion.

The remaining defendants have sparse connections with Pennsylvania and plaintiffs' chosen forum in Philadelphia. Defendant American Capital is headquartered in Maryland,

incorporated in Delaware, and maintains no offices in Pennsylvania. Defendant Honeywell's singular connection, as manufacturer of the autopilot, is a Customer & Product Support Engineer located in Sewickley, Pennsylvania. The manufacturer of the aircraft's engine, Defendant Continental Motors, is located in Alabama. Defendant Piper, manufacturer of the aircraft, is located in Florida. Defendant Dineling, Schreiber and Park ("DSP") is a Pennsylvania banking and investment capital partnership and maintains its principal office location in Philadelphia. DSP is a former Piper shareholder which sold its interest more than eight years before the instant case was filed.

Plaintiffs' complaint also names Teledyne Technologies, TDY Industries, Allegheny Technologies, and Allegheny Teledyne as defendants. Each of these manufacturers are based in the United States, as well as all witnesses associated with those manufacturers with knowledge of any manufacturing defects. At the time the engine included in the aircraft was sold, Defendant TDY Industries owned the operating division which constructed and sold the engine. Defendants Allegheny Teledyne, Allegheny Technologies, and TDY Industries are all affiliated with, but separate from, Defendant Continental Motors.

CAE maintains flight schools in California and Arizona, as well as a training facility in Florida. While CAE maintains a global presence and would likely be subject to personal jurisdiction in several American courts, Plaintiffs failed to demonstrate that CAE would be subject to personal jurisdiction in Pennsylvania. AAE also has no contacts in Pennsylvania.

The moving defendants filed the instant motion on February 24, 2012, asserting that this action should be dismissed on forum non conveniens grounds pursuant to 42 Pa.C.S. § 5322(e) because Portugal is a more convenient forum for this litigation. Defendants Teledyne Technologies, TDY Industries, Allegheny Technologies, and Allegheny Teledyne did not respond to the motion.

Forum non conveniens and a foreign country.

The Pennsylvania Superior Court addressed the issue of forum non conveniens in an international setting in *Aerospace Finance Leasing, Inc. v. New Hampshire Insurance Co.*, 696 A.2d 810, 813 (Pa. Super. 1997). The *Aerospace* court recognized that Pa.R.C.P. 1006(d) applies to *intrastate* transfer from one county within Pennsylvania to another, and that 42 Pa.C.S. § 5322 applies to *interstate* forum disputes. In the international context, the *Aerospace* court adopted the reasoning and principles of the United States Supreme Court's decision in *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981), as the proper framework for analyzing whether an action should be dismissed for forum non conveniens when a foreign country is asserted to be a more proper forum. *Aerospace*, 696 A.2d at 813.

*Aerospace* held that: (1) plaintiffs may not defeat a motion to dismiss on the ground of forum non conveniens merely by showing that the substantive law that would be applied in the alternative forum is less favorable to the plaintiffs than that of the chosen forum; (2) that the trial court must weigh the private and public interest factors in deciding the defendants' motion to dismiss; and (3) the

decision whether to grant a forum non conveniens dismissal is left to the discretion of the trial court. *Aerospace*, 696 A.2d at 814, citing *Piper*, 454 U.S. at 255 (internal citation omitted).

Plaintiff argues that Portugal is not an available forum because the defendants have not consented to jurisdiction there, several of the plaintiffs' claims are not recognized by Portuguese law, and their strict liability claims would be barred by a ten year statute of repose. The Superior Court's holding in *Aerospace* that plaintiffs may not defeat a motion to dismiss on forum non conveniens because the substantive law in the alternative forum is less favorable than that in plaintiffs chosen forum dictates that this argument is without merit. *Aerospace*, 696 A.2d at 814. See, *Piper*, 454 U.S. at 247 (holding that the court of appeals erred in finding that plaintiffs may defeat a motion to dismiss on forum non conveniens grounds merely by showing that the substantive law to be applied in the alternative forum would be less favorable to the plaintiffs than that of their chosen forum). Likewise, the amount of damages potentially available to plaintiffs in Portugal, on the claims that Portuguese law allows, is irrelevant. *Piper*, 454 U.S. at 254-255 (finding that although the relatives of the decedents would not be able to rely on a strict liability theory if the case was dismissed for forum non conveniens for re-filing in Scottish courts, and although the potential damages award may be smaller there, there was no danger that the plaintiffs would be deprived of a remedy or treated unfairly).

An alternative forum is available for Plaintiffs to bring suit.

As a preliminary matter, "[p]roper application of the doctrine of forum non conveniens requires the trial court to make a finding, on the record, as to the availability of other forums and then exercise its discretion after considering all other factors." *Goodman v. Pizzutillo*, 452 Pa.Super. 436, 446, 682 A.2d 363, 368 (1996). citing *Plum v. Tampax, Inc.*, 399 Pa. 553, 160 A.2d 549 (1960). While the favorability of the substantive law in the chosen forum relative to that of the alternative forum is of no concern, the court must still determine the meaning Pennsylvania courts give to the term "available" in deciding whether an alternative forum is available to the plaintiffs.

The Superior Court has recognized that "no action will be dismissed unless an alternative forum is available to the plaintiff." *Humes v. Eckerd Corp.*, 2002 PA Super 285, 807 A.2d 290, 293-294, citing *Poley v. Delmarva Power and Light Company*, 2001 PA Super 182, 779 A.2d 544. Further, "[d]ismissal of a complaint on the grounds of forum non conveniens should not be granted when such a decision results in the plaintiff being unable to institute an action elsewhere." *Farley v. McDonnell Douglas Truck Services, Inc.*, 432 Pa. Super. 456, 462, 638 A.2d 1027, 1030 (1994), citing *Miller v. Gay*, 323 Pa. Super, 466, 470 A.2d 1353 (1983). Pennsylvania courts do not have the authority to transfer matters to sister states, let alone to foreign countries. See *Farley*, 432 Pa. Super. at 467, 638 A.2d at 1032, citing *Shears v. Rigley*, 424 Pa. Super. 559, 623 A.2d 821 (1993). In the event that dismissal of the case

would lead to jurisdictional problems in the alternative forum, the trial court "should either retain jurisdiction or dismiss on the condition that the defendants will accept service...when the case is brought in the new forum." *Farley*, 432 Pa. Super. at 467, 638 A.2d at 1032, referring to *Miller v. Gay*, supra.

"A stipulation made by a defendant that he or she will submit to service of process and not raise the statute of limitations as a defense has been accepted by the courts as eliminating the concern regarding the availability of an alternate forum." *Jessop v. ACF Industries, LLC*, 2004 Pa.Super. 367, 859 A.2d 801, 803 & n. 3, quoting *Jones v. Borden, Inc.*, 455 Pa.Super. 110, 115, 687 A.2d 392, 395 (1996) (plurality). See, *Wright v. Aventis Pasteur, Inc.*, 2006 Pa.Super. 203, 905 A.2d 544 (Texas existed as an alternative forum in that the defendants had consented to jurisdiction, accepted service in that state, and waived the defense of the statute of limitations). None of the moving defendants have so stipulated.

To be "available," then, means that the court dismissing for forum non conveniens must be assured that the plaintiff will be capable of filing a case in the alternate forum and that the defendant will not raise any objections to jurisdiction or service, or raise the defense of the statute of limitations when the new case is filed. This court has fashioned such an order based on the order entered in *Arnelian v. SmithKline Beecham Corp.*, 2005 Phila. Ct. Com. Pl. Lexis 7 (Ackerman, J.), affirmed without opinion, 895 A.2d 643 (Pa. Super. 2006). Before the court will finally dismiss this action for forum non conveniens, every defendant must file

stipulations admitting jurisdiction in Portugal, accepting service of process in the case to be filed in Portugal, and waiving the application of any statutes of limitations. If any defendant fails to file such a stipulation within thirty days, the court will not dismiss this action and it will be litigated in this forum. See, *Farley*, 432 Pa. Super. at 467, 638 A.2d at 1032.

That an alternative forum exists, however, is only a prerequisite for a court to dismiss on forum non conveniens grounds and is not dispositive of the issue.

Portugal is a more appropriate forum for this suit.

The *Aerospace* court adopted the holding in *Piper* that the court is to examine the private and public interest factors in assessing a motion to dismiss on forum non conveniens in the international context. Pennsylvania courts have much experience in this analysis. Under 42 Pa.C.S. § 5322(e), a trial court may dismiss a case, even when jurisdictional requirements are met, when the court determines that "in the interest of substantial justice the matter should be heard in another forum." 42 Pa.C.S. § 5322(e)(emphasis added). "In determining whether 'weighty reasons' exist to overcome the plaintiff's choice of forum, the trial court is required to examine both the private and public interest factors involved in the case." *Wright v. Aventis Pasteur*, 905 A.2d at 548.

The private factors to consider are: (a) relative ease of access to sources of proof; (b) availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; (c) possibility

of view of the premises, if a view of the premises may be appropriate; and (d) other practical problems that make trial of the case easy, expeditious and inexpensive. The public factors to consider are: (a) administrative difficulties of congested courts; (b) ensuring jury duty is not imposed on the people of a community with no relation to the litigation; and (c) the avoidance of courts having to untangle conflicts of laws problems and potentially applying a law foreign to such court. *Wright*, 905 A.2d at 548, citing *D'Alterio v. New Jersey Transit Rail Operations, Inc.*, 2004 PA Super 42, 845 A.2d 850, 852.

After considering the private and public factors in litigating in Pennsylvania versus Portugal, it is clear that Portugal is the appropriate place to conduct this litigation. An analysis of the private factors reveals the following. Neither the aircraft nor any of its component parts were designed or manufactured in Pennsylvania. The aircraft was permanently operating in Portugal at the time of the crash. Any non-party witnesses and those responsible for the maintenance of the aircraft, as well as maintenance records, are located in Portugal. Those responsible for conducting testing of the wreckage as part of the GPIAA investigation are located in Portugal. Neither the plaintiffs, nor their parents or successors, were citizens of Portugal or the United States and are not now citizens of either. The plane broke up in-flight and crashed in a field near Castro Verde, Portugal.

Whether the cause of the crash is the result of a defectively designed product, as plaintiffs contend, or poor maintenance in Portugal, as the moving defendants

contend, is a fact question which does not impact the consideration of the private factors here. Further, that the plaintiffs have chosen to retain an attorney whose practice is located in their chosen forum is not a factor in the forum non conveniens analysis. *Cinousis v. Hechinger Dep't Store*, 406 Pa. Super. 500, 504, 594 A.2d 731, 733 (1991).

The public factors also weigh heavily in favor of litigating this case in Portugal. Pennsylvania bears only a tangential relation to the facts of this case and it would be improper to burden a Pennsylvania jury with a case in which the community holds virtually no interest. Trial in Pennsylvania would require the court to engage in a conflict of laws analysis and likely apply Portuguese law to the case, a factor weighing heavily in favor of dismissal. *Tyro Industries v. James A. Wood, Inc.*, 418 Pa. Super. 296, 301, 614 A.2d 279, 282 (1992).

Additionally, the inability of the moving defendants to obtain proper service on CAE and AAE and to join them as additional defendants in Pennsylvania weighs very heavily in favor of dismissal. The present case shares important similarities with *Piper* in which an aircraft crash in Scotland killed the pilot and five passengers, all of whom were Scottish residents. Piper Aircraft Co. ("Piper") manufactured the aircraft in Pennsylvania. Hartzell Propeller, Inc. ("Hartzell") manufactured the propellers in Ohio. At the time of the crash, the aircraft was registered in Great Britain. Air Navigation and Trading Co., Ltd. owned and maintained the aircraft. McDonald Aviation, Ltd., a Scottish air taxi service, operated the aircraft. Both

Air Navigation and McDonald were organized in the United Kingdom. The plane's wreckage was housed in Farnsborough, England. *Piper*, 454 U.S. at 238-239.

The personal representative of the estates of those killed in the crash brought suit against only Piper and Hartzell in the Superior Court of California under negligence and strict liability theories. The case was removed to the United States District Court for the Central District of California and then transferred to the Middle District of Pennsylvania. Both Piper and Hartzell subsequently moved to dismiss the case on forum non conveniens grounds. The district court granted the motion after noting that an alternative forum existed in Scotland. The United States Court of Appeals for the Third Circuit reversed and remanded for trial. The United States Supreme Court reversed the Third Circuit and affirmed the district court's decision to dismiss the action. *Piper*, 454 U.S. at 261.

The *Piper* defendants argued that their inability in the federal case to implead the potential third-party defendants located in Scotland required holding the trial in Scotland. The defendants intended to counter plaintiff's design defect claim by asserting that the negligence of other parties, including the pilot, the plane's owners, or the charter company, relieved them of liability. Although the defendants, if they were held liable in the United States, may have been able to institute an action for contribution and indemnity in Scotland, the Supreme Court held that it would be far more convenient to resolve all claims in one trial. Forcing the defendants to pursue separate claims of contribution and indemnity would be "burdensome,"

which is sufficient grounds to support dismissal on forum non conveniens. *Piper*, 454 U.S. at 259, referring to *Pain v. United Technology Corp.*, 205 U.S.App.D.C. 229, 244, 637 F.2d 775, 790 (1980) (relying on a similar argument in approving dismissal of an action arising out of a helicopter crash that took place in Norway).

In the instant case, the moving defendants intend to argue that the cause of the crash was improper maintenance of the aircraft on the part of AAE and/or CAE and not a design defect in the aircraft. The moving defendants are unable to obtain proper service on either AAE or CAE in Pennsylvania. The moving defendants' case will be severely inhibited by their inability to join AAE and CAE in Pennsylvania. This weighs very heavily in finding that Portugal, where service may be made upon AAE and CAE, is a more appropriate and convenient forum.

For the reasons set forth above, the moving defendants have satisfied their heavy burden of showing, with detailed information of record, that weighty reasons exist to litigate this case in Portugal and not in Philadelphia, Pennsylvania.

## FINAL ORDER

Defendants Piper Aircraft Inc., American Capital Ltd., and Dineling, Schriber & Park filed a *Motion to Dismiss With Prejudice for Forum Non Conveniens* pursuant to 42 Pa.C.S. § 5322(e). On September 27, 2012, the court entered an order granting that motion and dismissing this action *on the condition* that *all* of the defendants in this action submit written stipulations (1) accepting service

of process in a subsequent action brought in Portugal alleging the same injuries and damages as set forth in the within action; (2) admitting jurisdiction in Portugal; and (3) waiving the statute of limitations defense in the subsequent action to be filed in Portugal.

All of the defendants in this case have filed of record the stipulations required by the order of September 27, 2012. American Capital Strategies LTD filed its stipulation on October 17, 2012 at Control No. 12102068. Piper Aircraft Corporation filed its stipulation on October 17, 2012, at Control No. 12102067. Dineling, Schreiber & Park filed its stipulation on October 17, 2012, at Control No. 12102066. Honeywell international inc. filed its stipulation on October 22, 2012, at Control No. 12102459. Defendants Continental Motors Inc., Teledyne Technologies incorporated (improperly sued as Teledyne Technologies Inc.), TDY Industries Inc. (formerly known as Teledyne Industries, Inc., and now known as TDY Industries, LLC), Allegheny Technologies Incorporated and Allegheny Teledyne Inc., filed a joint stipulation on October 22, 2012, at Control No. 12102508.[1]

Accordingly, pursuant to 42 Pa.C.S. 5322(e) and this court's order and opinion dated September 27, 2012, it is hereby ordered and decreed that this case is dismissed with prejudice.

---

1. While this case was before the U.S. District Court for the Eastern District of Pennsylvania, the Plaintiffs settled their claims against Defendants Textron Inc., Cessna Aircraft Co., and McCauley Propeller Systems and the federal court entered an order dismissing those Defendants. Plaintiffs filed a copy of that order with this Court. See Docket entry of March 26, 2012.

## OPINION PER Pa.R.A.P. 1925(a)

Plaintiff George Bochetto, as Administrator of the Estates of Andrew Miller, Deceased; Dennis Falize, Deceased, and Javier Terron Sancho, Deceased; and Plaintiffs Mark Miller, Susan Marie Miller, Dirk Jan Falize, Karin Den Turk, and Jose M. Terron Sancho are appealing the final order granting the defendants' motion to dismiss this action for forum non conveniens. The reasons for the order appear of record in this court's order and opinion dated September 27, 2012, and in the final order dated December 10, 2012, copies of which are attached hereto.

## ORDER

And now, September 27, 2012, upon consideration of the *Motion to Dismiss For Forum Non Conveniens* pursuant to 42 Pa.C.S. § 5322(e) filed by Defendants Piper Aircraft Inc., American Capital Ltd., and Dineling, Schriber & Park; the plaintiffs' response thereto; and the defendants' reply, it is hereby ordered and decreed that defendants' motion is conditionally granted. Plaintiffs' complaint will be dismissed with prejudice after every defendant in this action files of record a written stipulation (1) accepting service of process in a subsequent action brought in Portugal alleging the same injuries and damages as set forth in the within action; (2) admitting jurisdiction in Portugal; and (3) waiving the statute of limitations defense in the subsequent action to be filed in Portugal. Said stipulations are to be filed with the prothonotary and submitted to this court for approval within Thirty (30) Days of the entry of this order on the docket.